Mary Loretta ZUBIENA, Respondent,

v.

Wayne Walter ZUBIENA, Appellant.

No. 37713.

Missouri Court of Appeals,
St. Louis District,
Division One.

Oct. 4, 1977.

Correnti & Mykins, James Dailey Wahl, St. Louis, for appellant.

Klamen, Summers & Compton, Robert F. Summers, Clayton, for respondent.

CLEMENS, Presiding Judge.

Defendant-husband appeals from the monetary provisions of the trial court's decree of dissolution of marriage, contending the court's order compelling him to make house payments and to pay plaintiff-wife's attorney's fees is inconsistent with its finding that plaintiff was self supporting and its order denying maintenance.

The court awarded plaintiff child support allowances and the right to remain in the family residence during the children's minority and thereafter until sold. Defendant's annual income was $23,000, as compared to plaintiff's earnings of $4,800.

■ Defendant contends the decreed house payments "constitute maintenance" and are inconsistent with the court's order denying maintenance. We reject this argument. The trial court explained the allowance: "In view of the order herein made, requiring respondent (sic) to make payment of the house payment on the family home, the court determines that petitioner is able to support herself and, therefore, the court denies maintenance." We construe this as ordering defendant to make the house payments in lieu of other maintenance.

■ Defendant also contends the court erred in allowing plaintiff attorney fees since it found she "was self-supporting and not entitled to maintenance." Such an allowance is proper "after considering all relevant factors." Section 452.355, RSMo.; *Beckman v. Beckman*, 545 S.W.2d 300[8] (Mo.App.1976).

We have reviewed the record in light of *Murphy v. Carron*, 536 S.W.2d 30[1–3] (Mo. 1976) and cannot say the decree is against the weight of the evidence or that it erroneously declares or applies the law.

Decree affirmed.

DOWD and SMITH, JJ., concur.