Paula RAINES, Appellant,

v.

Loren K. RAINES, Respondent.

No. 39415.

Missouri Court of Appeals,
Eastern District,
Division One.

May 29, 1979.

Wion, Burke & Boll, Robert S. Moss, Clayton, for appellant.

V. Jack Muehlenkamp, Dellwood, for respondent.

SMITH, Judge.

Wife appeals from a judgment in a dissolution of marriage case. Specifically, she attacks the court's (1) award of maintenance, (2) award of child support, (3) award of attorney's fees and (4) order providing for temporary custody of the minor child with the husband. Respondent husband has filed no brief in this court.

The wife was eighteen at the time of marriage, the husband—twenty. The parties were married for fifteen months before their initial separation and eighteen months before their final separation. The minor son was less than a year old at the time of separation and two years old at the time of the decree of dissolution. During the eighteen months of the marriage prior to separation, the husband held about six different jobs. Wife was not employed. The family lived in a $160 per month apartment; there was frequently a shortage of food; husband illegally drew unemployment compensation while he was working in order to maintain the family standard of living. While they were living together the wife notified authorities of her husband's illegal conduct. As a result he began paying back to the State $2300 in improperly received benefits and at the time of hearing still owed the State $600. Approximately six months before the hearing (but after separation) husband began employment at the Chrysler plant in St. Louis County at a gross pay of $295 per week, and a net of $210. He frequently worked overtime and on some occasions made as much as $500 gross per week. In the six month period of employment before the hearing the husband was off two weeks for plant holiday, was laid off three or four weeks for changeover, and was on sick leave for six or more weeks. When on leave husband would draw $100 per week compensation much of which was used to pay back his unemployment compensation debt. Husband's income and expense statement showed regular monthly and personal expenses of approximately $700.

Wife had no income from the time of separation until the hearing except for $100 per month aid to dependent children. She is a high school graduate with some college work, in good health, can type 65 words a minute and can take dictation from a machine. She made some efforts to obtain employment after separation but these efforts could be considered minimal and were only indefinitely and generally described. She did work part time at a fast food restaurant but quit that employment because the pay ($40 a week) was too low. She plans to enroll in a six year college course to obtain a secretarial degree although her information on this program was based solely upon a telephone call to a junior college. Her income and expense statement reflected *estimated* expenses of $289.20 per month for shelter, utilities, automobile operation, and insurance. She lived with her parents pending the dissolution and has neither automobile nor driver's license. Her personal expenses were estimated at $235.50 per month and her child's expenses at $237.10 per month. Medical and dental bills for wife and child totaled $131 per month and were based on a selected month's expenses. Her only listing of child care payments was $30 per month based upon one occasion when she paid her parents that amount when she went on a week-end trip.

There was no marital property of consequence. There were substantial debts, several incurred by the husband prior to marriage.

The court awarded wife $25 per week maintenance for two years, $30 per week child support, $450 in attorney's fees, and granted the husband temporary custody from 1 p. m. to 5 p. m. on alternate Saturdays and Sundays and on alternate holidays and one week during the summer.

■ We find it unnecessary to set forth the evidence adduced concerning the husband's fitness to have temporary custody. Suffice it to say that the wife's testimony came from herself, her brother, her sister, and a friend and was denied by the husband. The testimony reflects that the wife is over-protective of the child. The trial court could have concluded that the claim of unfitness of the husband was based upon that over-protectiveness, the wife's family's rigid religious morality, some early and infrequent occurrences, and improbable testimony by the wife's witnesses. The trial court is the judge of credibility of the witnesses and we defer to its determinations in that regard. The award of temporary custody is based upon substantial evidence and is affirmed.

Under Sec. 452.335 R.S.Mo.1973, maintenance may be awarded by the trial court after it determines that one spouse lacks sufficient property or is unable to support himself sufficiently to meet his reasonable needs. *Brueggemann v. Brueggemann*, 551 S.W.2d 853 (Mo.App.1977). We will accept here the proposition that the wife does not have sufficient property to meet her reasonable needs. We cannot say that the wife's evidence conclusively showed her inability to support herself. We note particularly that she did not assert that her custody of the child precludes her from employment and in fact her testimony reflects her intention to seek additional schooling on a full-time basis. *See Cissell v. Cissell*, 573 S.W.2d 722 (Mo.App.1978) [6]. However, the court made an award of "rehabilitative maintenance" and we will assume it found that additional education was necessary for her to achieve her proper level of supportive ability and we will defer to that finding. Paragraph 2 of Section 452.335 provides that the maintenance awarded shall be just, based upon seven non-exclusive factors. It is apparent that that section does not contemplate that the court must award maintenance adequate to meet all of the needs of the to-be-maintained spouse even if the maintaining spouse has sufficient resources to provide such support. Rather, the court is to look to the circumstances of the parties and the marriage to determine what may "justly" be required of the maintaining spouse. It may be conceded that husband apparently has adequate resources to provide a greater portion of the wife's needs than the court has ordered,[1] but that does not mean he must. The court concluded that no more than two years of partial support was necessary for the wife to gain sufficient training to support herself. We share the trial court's incredulity that six years of college is required to prepare the wife for a secretarial career. The evidence of the standard of living of the parties during the marriage is, as the wife states, sparse, but it does reveal that whatever the standard of living was it was above the family's means. Of particular consequence in assessing the trial court's determination is the third statutory factor—the length of the marriage. Under the dissolution law the old concept of alimony as damages for breach of contract no longer applies. The fact of a marriage, whatever its length, no longer gives rise to an obligation of full support by a guilty husband as was formerly true. Here, the effective life of the marriage was from fifteen to eighteen months. Husband's substantial earning capability did not commence until after the separation so it can hardly be considered a "partnership asset" to which the wife contributed. The trial court was warranted in concluding that justice does not require that the husband here assume the full support of a young healthy woman to whom he was married for only a short period of time and who had not removed herself from employment opportunities for any substantial period of time. We find no error in the court's application of the statutory criteria and find the award of maintenance to be supported by the evidence and we affirm that award.

Our review of the award for child support causes us to conclude that the award is inadequate under the statutory guidelines. (Sec. 452.340 R.S.Mo.1973) and must be substantially increased. It is unnecessary for us to review the evidence heretofore set out or the guidelines individually. It is enough to say that the considerations which we found sufficient to support the award of maintenance do not apply to the minor child. The wife's work history (except as it establishes her financial resources), the length of the marriage, the time of the commencement of the husband's productive earning capacity, and similar considerations do not affect the obligations of support. While the determination of

---

1. This is based upon the husband's job at the time of the dissolution hearing. His past job history was not developed but inferentially, at least, would not demonstrate earning ability equivalent to that established at the time of hearing. Past, present and anticipated future employment history may be considered in determining the financial resources of a spouse. In re *Marriage of Vanet*, 544 S.W.2d 236 (Mo. App.1976) [4].

maintenance is based at least in part upon statutory factors having to do with the marital relationship, child support involves statutory factors almost exclusively financial in nature. *See Rodgers v. Rodgers,* 505 S.W.2d 138 (Mo.App.1974) [11–13].

Upon remand additional evidence on several matters should be adduced. In view of the award of maintenance it is apparent that some amount of child care will be required if the mother is to work or go to school. This was not developed before the trial court and any award of child support must take this expense into account. The husband testified to certain medical and hospital insurance which he has from his employment and which would cover his son. No evidence was adduced of the nature of this coverage or the effect it would have on routine medical treatment of the minor. This should be developed upon remand. Also, it should be noted that the appellate courts have held that inflation and aging of the children with a resultant increase in costs should be considered by the trial court in establishing the original support award, so that modifications will not need to be made soon after the award or frequently thereafter. *Johanson v. Johanson,* 569 S.W.2d 337 (Mo.App.1978) [2–4]. Because of the inadequacy of the evidence in the record on the above indicated matters we must remand for further development of the financial needs of the child.

The wife makes two challenges to the award of attorney's fees. The first is that the trial court erred in not awarding the full amount of attorney's fees charged by her present attorneys because she does not have adequate resources to pay the charges. The wife confuses two different issues i. e.—(1) Should an award be made and if so (2) how much. The first issue is a question of adequacy of resources of the spouse seeking the award, the second is a question of reasonableness. The court made an award of $450. The court is an expert on the reasonableness of attorney's fees and may make its award based upon that expertise. *In re Marriage of Vanet,* 544 S.W.2d 236 (Mo.App.1976) [10]. It is not bound by the number of hours of work performed by counsel or the hourly charges for that work made by the attorney. *Cissell v. Cissell,* 573 S.W.2d 722 (Mo.App.1978) [7]. The wife had three attorneys representing her during the pendency of this action. Two of these attorneys were discharged by her, without apparent cause, on the dates when hearings were set. This case did not involve complicated matters, require extensive discovery, involve complicated financial data or marital property, present difficult legal problems nor require extensive court time. We find no abuse of the trial court's discretion in the award of attorney's fee.

The second point on attorney's fees involves the court's refusal to allow fees to wife's first two attorneys. The court heard evidence on this at the hearing on the motion for reconsideration and then refused to make an award because "the Court does not have jurisdiction over these matters that were not presented at the original hearing on the divorce." In fact the matter of these fees was raised at the original hearing and the court indicated that it would take judicial notice of the court file which reflected the work, at least in part, done by the first two attorneys. The matter was timely raised by proper post-trial motion and the relief requested was denied even prior to the end of the 30 day period following judgment during which the court retains jurisdiction to amend, change or modify on its own motion. Rule 75.01. *See, Schenberg v. Schenberg,* 307 S.W.2d 697 (Mo.App.1957); *State ex rel Nilges v. Rush,* 532 S.W.2d 857 (Mo. App.1975) [1–3]. The court had jurisdiction and had the information before it to make an award if it chose to and we must remand on this issue to allow the court to pass on the matter. In so doing we are not holding that an award must be made. If the wife has by her actions incurred unnecessary or duplicative legal services, that is a "relevant factor" to be considered by the trial court in assessing attorney's fees pursuant to 452.355 R.S.Mo.1975. Simply because legal services are utilized by the wife does

not require that they be paid in whole or in part by the husband even if the financial factors warrant an award, unless the services are a reasonable cost of maintaining the action.

Judgment on child custody, maintenance, and the award of attorney's fees to appellant's present counsel is affirmed, judgment on child support and determination of attorney's fee to prior lawyers reversed and cause remanded for further proceedings consistent with this opinion.

SNYDER, P. J., and CRIST, J., concur.