Patrick McLAUGHLIN, Appellant,

v.

Mary E. McLAUGHLIN, Respondent.

No. 40565.

Missouri Court of Appeals,
Eastern District,
Division Four.

Aug. 7, 1979.

Morley & Boeckman, Daniel V. Boeckman, O'Fallon, for appellant.

Wayne T. Schoeneberg, O'Fallon, Davis & Ayers, Philip T. Ayers, St. Louis, for respondent.

CRIST, Judge.

The parties' childless marriage was dissolved after ten years. Upon appeal, the husband raises complaints concerning the division of property and the award of $610.00 in attorney's fees. We affirm.

As we understand them, the husband's complaints concerning the division of property are that (1) the trial court erred in awarding the major marital asset, the family home, to the wife because it in effect set apart the home to the wife as her separate property despite evidence the home was marital property or because the court in effect treated the award of the home as an award of maintenance to which the wife was not entitled and that (2) the trial court failed to specifically value and characterize the parties' pension plans as marital or separate property, making the trial court's order not a final judgment.

The trial court's division of assets found to be marital property awarded the wife marital property consisting of the marital home having a net value of approximately $28,000.00 together with its furnishings valued by the court at $500.00, her automobile, her checking and savings accounts with small balances, and any interest the wife might have in her pension plan which had an unspecified value and to which the wife would not be entitled for an additional two years. The husband was awarded his automobile and his union vacation and pension plans. The husband's Missouri pension fund had a value of $19,000.00, and he also had a Florida fund.

The record does not indicate the trial court's award of the marital residence was a de facto award of the home as the wife's separate property or as maintenance. The trial court's finding that the wife and her family made the major contribution toward purchase of the home is supported and not contradicted by the record. Such factor is relevant to the division of property. Section 452.330, RSMo. Supp.1973. Upon a consideration of all the relevant factors, including contributions by both spouses toward the acquisition of property, the economic circumstances of the parties, and the marital conduct of the parties, we cannot say the trial court erred in awarding the home to the wife. See, D.L.L. v. M.O.L., 574 S.W.2d 481, 486 (Mo.App.1978).

As to the husband's complaints concerning both the husband's and the wife's interests in pension plans and his interest in his vacation plan, his contention, the court made no finding as to whether such plans were separate or marital proper-

ty, is refuted by the trial court's decree in which the court finds all to be marital property. We cannot say the trial court's conclusion is erroneous for the husband's plans. *In re Marriage of Powers,* 527 S.W.2d 949, 957 (Mo.App.1975). Although evidence the wife's pension plan does constitute vested property is less than conclusive, we fail to see any prejudice to the husband by the trial court's conclusion the pension was marital rather than her separate property.

We also find no error concerning the husband's complaints that the trial court's findings failed to specify a value for his vacation plan and both parties' pension plans. The trial court's findings were not required, absent a request by the parties, to be any more specific than they were. *In re Marriage of Schulte,* 546 S.W.2d 41, 44–46 (Mo.App.1977). Further, the husband supplied testimony indicating his plans had a value in excess of $19,000.00 and cannot charge the court with error in using a value figure which he supplied. *McCall v. McCall,* 574 S.W.2d 496, 499 (Mo.App.1978).

Finally, the husband complains of the trial court's award of attorney's fees to the wife, arguing the wife has not shown need justifying an award of attorney's fees. However, the trial court has wide latitude in awarding attorney's fees pursuant to Section 452.335, RSMo. Supp.1973, upon a consideration of all relevant factors. We cannot hold the trial court abused its discretion by its award of attorney's fees. An award of attorney's fees is not necessarily inconsistent with a failure of proof of neediness or a failure to award maintenance. *In re Marriage of Ebinger,* 573 S.W.2d 738, 742 (Mo.App.1978); *Zubiena v. Zubiena,* 557 S.W.2d 58 (Mo.App.1977).

The judgment is affirmed.

DOWD, P. J., and SATZ, J., concur.