**In re the MARRIAGE OF Sally A. WALDRUP and Eddie Joe Waldrup.**

**Sally A. WALDRUP, Petitioner-Respondent,**

v.

**Eddie Joe WALDRUP, Respondent-Appellant.**

**No. 40858.**

Missouri Court of Appeals, Eastern District, Division Three.

Oct. 2, 1979.

Theodore S. Schechter, Clayton, for respondent-appellant.

David C. Godfrey, Clayton, for petitioner-respondent.

SNYDER, Judge.

Respondent Sally Waldrup filed suit for dissolution of her marriage to appellant Eddie Joe Waldrup. The trial court ordered the dissolution, awarded respondent custody and child support, denied her petition for maintenance and attorney fees and divided the marital property. Appellant appeals from the order distributing the marital property, contending that the trial court abused its discretion in weighting the division in favor of the wife.

In appellate review of a judgment dividing marital property, two principles are firmly established. The first is that a just and equitable distribution is not necessarily an equal distribution. *In re Marriage of Cornell*, 550 S.W.2d 823 (Mo.App.1977). The second is that the appellate court must defer to the trial court's superior opportunity to judge the credibility of witnesses and must sustain the trial court's order unless there is no substantial evidence to support the judgment or the judgment is against the weight of the evidence. *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976); *In re Marriage of Strelow*, 581 S.W.2d 426 (Mo.App.1979). Further, the power to set aside a decree or judgment on the ground that it is against the weight of the evidence should be exercised with caution and only with the firm belief that the decree or judgment is wrong. *Murphy v. Carron, supra.*

This court has read the transcript thoroughly and studied the briefs of both parties. The decision of the trial court is supported by substantial evidence and is not against the weight of the evidence; nor is there any error of law. There is no firm belief that the judgment is wrong.

An extended discussion of the facts would serve no purpose and an opinion would have no precedential value.

The judgment is affirmed in compliance with Rule 84.16(b).

REINHARD, P. J., and GUNN and CRIST, JJ., concur.