**Marla J. PEDERSON, Respondent,**

v.

**Wayne G. PEDERSON, Appellant.**

**No. 41613.**

Missouri Court of Appeals,
Eastern District,
Division Three.

April 29, 1980.

George J. Miller, St. Louis, for respondent-appellant.

Edward J. Delworth, Overland, for petitioner-respondent.

DOWD, Presiding Judge.

Appellant (hereinafter the husband) seeks review of the spousal maintenance award, division of marital property, and award of attorney's fees made by the trial court in dissolving the husband's 6½ year marriage to respondent (hereinafter the wife).

The parties separated in October, 1977 after five years of marriage and had no children. The wife moved from the marital home upon separation taking some silver servingware and household furniture. At the time of the hearing, she was sharing her living quarters and paying $145 per month toward rent of $295 per month. She did not pay for heat and paid $37.50 per month as her share of utilities. Her automobile, insurance, food, clothing, medical and miscellaneous expenses excluding school expenses totaled approximately $365 per month.

The husband continued to live in the marital home following separation. The parties purchased their home in May, 1977 for $67,-000. The parties paid for this property by a downpayment, consisting of the sum attributable as the parties' equity in their prior home, and by financing the remainder of the purchase price with a secured loan of $52,640. The parties had borrowed $3500

from the husband's father to make a down-payment upon the parties' first home, and the parties still owed $2200 on this loan. At the time of hearing, the husband had made all mortgage, home insurance, and tax payments for the home totaling $8252.58 and testified he had made improvements to the property costing $1800.

The wife had been employed throughout the duration of the marriage prior to the separation. She was 28 years old and in fine health. At the time of the separation in October, 1977, the wife was working for Dr. White and earning a gross salary of approximately $7200 per year. She voluntarily terminated her employment in August, 1978 in order to attend nursing school on a full-time basis. At the time of the hearing, the wife was working a total of 20 hours per week for a dentist and at Jewish Hospital, earning gross pay of $3.75 per hour. Her net pay was $195 per month. She had begun nursing school in August, 1978. The total tuition cost of her 2½ year nursing program was $4,152.

The wife testified she was seeking spousal maintenance to help support her and pay the tuition during the course of instruction.

The husband earned a gross salary of $22,749.86 in 1977 and $19,704 in 1978. He testified his net monthly pay was $1300 and that he owed approximately $3500 upon bank, department store, and oil company credit cards and to a bank in addition to the mortgage debt. Upon the parties' separation, the husband had taken possession of a bank account in the amount of $5200 to $5400. The wife conceded some of this bank account was used to pay marital debts. The husband testified funds in the bank account had been expended paying marital debts, but did not give specific evidence.

The trial court awarded the wife $60 per week spousal maintenance and $875 attorney's fees. In dividing the marital property, the trial court awarded the wife a 1975 Volvo, personal property and household furnishings taken by her upon separation and one half share of tax refunds. The trial court awarded the husband any joint bank accounts, personal property and household furnishings retained by him upon separation, and one half share of tax refunds. The trial court ordered the husband obligated upon marital debts incurred prior to separation and ordered each party obligated upon his or her debts incurred after separation. The court ordered the marital real property sold. The husband was ordered to make the payments upon the home until sale but, upon sale, was to receive reimbursement of one half of payments made subsequent to the date of the dissolution decree. Thereafter, the net proceeds were to be equally divided between the parties.

■ In his first point on appeal, the husband contends the trial court's spousal maintenance award was not supported by the evidence. As regards the evidence bearing on the allowance and amount of spousal maintenance, the determination made by the trial court is discretionary, and appellate review is only to determine if that discretion has been abused. *Hull v. Hull*, 591 S.W.2d 376, 382[10] (Mo.App.1979). An order for spousal maintenance presupposes the trial court found the wife's reasonable needs to require supplementation above sums derived from apportioned marital property and income from possible employment. *Hull v. Hull, supra* at [11]. Ascertainment of reasonable need involves consideration of several relevant factors which encompass factors such as the length of the marriage, the standard of living enjoyed, contributions toward development of the other spouse's earning capacity, conduct of the party seeking maintenance, and the age and physical and emotional condition of the spouse seeking maintenance. *Hull v. Hull, supra* at [12].

■ In the instant case, the trial court awarded "rehabilitative maintenance". Such award implies a finding additional education is necessary for the recipient spouse to achieve the proper level of supportive ability. The appellate court will defer to that finding even though the evidence does not conclusively show the spouse's inability to support herself. *Raines v. Raines*, 583 S.W.2d 564, 567 (Mo.App.1979). In *Raines v. Raines, supra,* this court upheld a two year award of maintenance to a wife who had secretarial skills sufficient to equip her

for employment following termination of the parties' three year marriage but who testified she desired to obtain a secretarial degree. The wife had quit her prior employment because the pay was too low. *Raines v. Raines, supra.* Justice may not require a husband to assume full support of a young healthy woman to whom he was married for only a short period of time and who has not removed herself from employment for any substantial period of time. *Raines v. Raines, supra.* However, "rehabilitative maintenance" may "justly" be required of the maintaining spouse. *Raines v. Raines, supra.* We find "rehabilitative maintenance" to be appropriate under the evidence in the instant case.

■ The award of maintenance in the instant case was not limited in duration to the period of the wife's 2½ year nursing program. In this limited respect, the trial court's award is not supported by the evidence. If evidence of the amount of time necessary to acquire education or training to equip one spouse for appropriate employment has been shown, a "rehabilitative maintenance" award should be of limited duration. *Poague v. Poague,* 579 S.W.2d 822, 824[4] (Mo.App.1979); *accord, In re Wofford,* 589 S.W.2d 323, 327[12–13] (Mo. App. Banc 1979). The maintenance award in the instant case should be modified so as to be limited to the 2½ year period beginning August, 1978 during which the wife is in nursing school.

In his second point on appeal, the husband contends the trial court's division of marital property was erroneous for failure to consider his contributions to acquisition of that property.

■ In appellate review of the trial court's division of marital property,
". . . two principles are firmly established. The first is that a just and equitable distribution is not necessarily an equal distribution. [Citation omitted]. The second is that the appellate court must defer to the trial court's superior opportunity to judge the credibility of witnesses and must sustain the trial court's order unless there is no substantial evidence to support the judgment or

the judgment is against the weight of the evidence. [Citation omitted]. Further, the power to set aside a decree or judgment on the ground that it is against the weight of the evidence should be exercised with caution and only with the firm belief that the decree or judgment is wrong." *In re Waldrup,* 588 S.W.2d 258, 259[1, 2] (Mo.App.1979).

We cannot say the division of marital property in the instant case is sufficiently disproportionate under the circumstances to conclude the division erroneous under the foregoing standard.

■ In his final point on appeal, the husband claims the trial court's award of attorney's fees to the wife was erroneous. The trial court has broad discretion to award attorney's fees and may grant attorney's fees although the financial need of the recipient spouse has not been established. *In re Jackson,* 592 S.W.2d 875, 878[10–13] (Mo.App.1980); *Smith v. Smith,* 586 S.W.2d 362, 364–5[3–4] (Mo.App.1979); *McLaughlin v. McLaughlin,* 585 S.W.2d 567, 569[6–7] (Mo.App.1979); *Zubiena v. Zubiena,* 557 S.W.2d 58 (Mo.App.1977). We find no abuse of discretion.

Judgment affirmed as modified.

CRIST and REINHARD, JJ., concur.