**Lucy Bernadine VIERS, Petitioner, Respondent,**

v.

**Ivan Mike VIERS, Respondent, Appellant.**

**No. 40874.**

Missouri Court of Appeals, Eastern District, Division Three.

June 3, 1980.

Joel B. Eisenstein, St. Charles, Julian D. Cosentino, St. Louis, for respondent, appellant.

Paul F. Niedner, St. Charles, for petitioner, respondent.

DOWD, Presiding Judge.

Mr. Ivan Viers, defendant herein, files his appeal from a decree of dissolution of marriage wherein his wife, Mrs. Lucy Viers was awarded $50.00 per month as maintenance, the family residence and attorney's fees.

In his first point, defendant claims that the court erred in awarding Mrs. Viers maintenance because she had sufficient means with which to meet her needs and because Mr. Viers did not have sufficient means with which to pay such maintenance.

The trial court may grant maintenance to either spouse upon a determination that the party seeking maintenance "lacks sufficient property . . . to provide for his reasonable needs and is unable to support himself through appropriate employment." § 452.335, RSMo 1969. The amount of maintenance to be awarded is determined by

"The financial resources of the party seeking maintenance including marital property . . . and his ability to meet his needs, . . . the standard of living established during the marriage, the duration of the marriage, the age, and the physical and emotional condition of the party seeking maintenance, the ability of the spouse from whom maintenance is sought to meet his needs while meeting those of the spouse seeking maintenance (and) the conduct of the party seeking maintenance during the marriage."
§ 452.335, RSMo 1969.

The evidence indicates that the only property owned by Mrs. Viers is the family residence and its contents. She is not required to dispose of it to support herself. *In re Marriage of Schulte*, 546 S.W.2d 41, 49 (Mo.App.1977). Mrs. Viers is 55 years of age and has no employment skills. During thirty-six years of marriage she gave birth to thirteen children and maintained the home for them and Mr. Viers. At the time of the dissolution proceeding, Mrs. Viers was working as a janitor earning approximately $500.00 gross income a month from which she had managed to set aside $60.00 in a savings account. She testified that her living expenses were about $450.00 a month. Mrs. Viers also testified that she had not had a stove with which to cook on for the past ten years. She cooked with an electric frying pan. She stated further that the basement of the residence had suffered extensive water damage and that she was unable to make repairs because she had spent all of her savings painting and installing window glass, tile and paneling in the house after Mr. Viers' departure.

There is no evidence of misconduct during the marriage on the part of Mrs. Viers. On the contrary, it appears that Mrs. Viers worked for thirty-six years to maintain the family unit in the face of Mr. Viers' continual bouts of drunkenness.

There was clearly no error committed by granting Mrs. Viers $50.00 a month maintenance on the basis of need. As for Mr. Viers' contention that he is unable to pay that amount, he earns approximately $900.00 a month net income from his job at McDonnell Douglas. He has been employed with this company for eleven years. Mr. Viers also owned a boat and GMC truck. Mr. Viers claimed living expenses of $1,094 per month. There are no debts of the marriage outstanding except for approximately

$3,000 owing on the family residence and Mrs. Viers has made payments of $83.00 a month on this debt since Mr. Viers' departure. Although Mr. Viers was given custody of the two minor boys as was requested we find that the trial court did not abuse its discretion in granting Mrs. Viers $50.00 monthly maintenance. Finding no abuse of discretion, the defendant's first point is ruled against him. *Sawtell v. Sawtell*, 569 S.W.2d 286, 288 (Mo.App.1978).

Defendant complains in his second point that the trial court erred in granting Mrs. Viers the entire interest in the family residence and suggests that this court grant a $2,000 lien on the residence in favor of defendant. The trial court is not required to divide the property of the marriage equally. *Smith v. Smith*, 561 S.W.2d 714, 718 (Mo.App.1978). The court shall divide the property as it deems just considering the contribution of each spouse toward the acquisition of the property, the value of the property, the conduct of the parties during the marriage and the economic circumstances of the respective spouses upon dissolution of the marriage. § 452.330, RSMo 1969. Mr. Viers contributed money for the down payment on the family residence and made the majority of the house payments during the term of the marriage. Mrs. Viers contributed her services as homemaker and mother for 36 years. She also made some of the house payments before dissolution of the marriage and all payments due after her separation from Mr. Viers. The equity in the home was valued at either $8,000 or $17,000 depending upon who was testifying. By his own admission, Mr. Viers' conduct during the marriage was less than exemplary. He had continual difficulty controlling his addiction to alcohol and verbally abused his wife on a regular basis. As an experienced tool and die maker Mr. Viers is in a financial condition superior to that of his wife who has no marketable skills.

Division of marital assets cannot be accomplished with mathematical certainty, but must be apportioned in a manner which is fair to both parties. *Lockett v. Lockett*, 558 S.W.2d 387, 388 (Mo.App.1977). Our review convinces this court that the trial court's division of the property was a fair one in light of all the circumstances and we, therefore, deny defendant's second point.

Defendant, in his final point claims the trial court's award of $325.00 attorney's fees to the wife was erroneous. Defendant argues that the record fails to establish that the plaintiff had insufficient means to pay an attorney. We disagree. We believe the record shows that the plaintiff was severely lacking in financial resources necessary to support the action. However, the trial court has broad discretion to award attorney's fees and may grant attorney's fees regardless of the financial circumstances of the recipient spouse. *In re Jackson*, 592 S.W.2d 875, 878[10–13] (Mo. App.1980); *Smith v. Smith*, 586 S.W.2d 362, 364–5[3–4] (Mo.App.1979); *McLaughlin v. McLaughlin*, 585 S.W.2d 567, 569[6–7] (Mo. App.1979); *Zubiena v. Zubiena*, 557 S.W.2d 58 (Mo.App.1977). We find no abuse of discretion.

Mrs. Viers, in her brief asks this court to award her damages pursuant to Rule 84.19 to compensate her for expenses incurred incident to this appeal. That rule authorizes this court to award damages to a respondent upon a determination that an appeal is frivolous. We decline to award such damages in this case because we believe that it was brought in good faith and did present justiciable questions for our review. *Brooks v. General Motors Assembly Division*, 527 S.W.2d 50, 53–54 (Mo.App. 1975).

Judgment affirmed.

REINHARD and CRIST, JJ., concur.