**In re the Marriage of Charles Winston OBERKROM, Petitioner–Appellant,**

v.

**Shirley Jean OBERKROM, Respondent.**

**No. 42012.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 9, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 14, 1980.

Application to Transfer Denied
Jan. 13, 1981.

Shaw, Howlett & Schwartz, James J. Knappenberg, Clayton, for petitioner–appellant.

Mason W. Klippel, Clayton, for respondent.

DOWD, Presiding Judge.

This is an appeal from a dissolution proceeding. Petitioner–appellant, Charles Oberkrom, assigns two points of trial error.

Appellant's first point on appeal is that the trial court abused its discretion in awarding $135.00 per week child support to respondent in that the award is beyond appellant's capacity to pay and the award does not reflect respondent's anticipated earning capacity. We note that appellant does not challenge the award of child support as being in excess of the children's reasonable needs.

The determination of the amount of child support awarded pursuant to a dissolution of marriage rests within the sound discretion of the trial court, *Naeger v. Naeger*, 542 S.W.2d 344, 347 (Mo.App.1976), and the amount of child support awarded is subject to review only to determine whether there has been an abuse of discretion or an erroneous application of the law. *Morris v. Morris*, 549 S.W.2d 363, 365 (Mo.App. 1977). The burden of demonstrating error and the incorrectness of the judgment below is upon the appellant. *Suesserman v. Suesserman*, 539 S.W.2d 741, 743 (Mo.App. 1976). Further, a party's testimony as to expenses is sufficient evidence on which to base an allowance of child support and need not be proved with absolute particularity. The trial court may, at its option, accept or reject such evidence. *Blair v. Blair*, 571 S.W.2d 480, 482 (Mo.App.1978).

Section 452.340 RSMo 1978 lists six nonexclusive factors to be considered by the court in making an award of child support. *Guignon v. Guignon*, 579 S.W.2d 664, 666 (Mo.App.1979). These statutory factors are almost exclusively financial in nature. *Raines v. Raines*, 583 S.W.2d 564, 568 (Mo. App.1979). On examination of the entire record, we find no abuse of discretion by the trial court in awarding $135.00 per week child support to respondent.

Appellant and respondent were married in 1964 and there were three children born of the marriage. Appellant has been employed as a machinist for seventeen years. His net weekly take-home pay is $219.00. At the time of trial, respondent as custodial parent was employed on a part-time basis at Anheuser Busch. In hiring full-time employees, Anheuser Busch first requires that each employee satisfactorily complete a part-time probationary period. Thus, respondent's possible future employment and consequently her future earnings on a full-time basis are speculative and uncertain. Respondent's net weekly take-home pay is $155.41.

Respondent's monthly expenses were calculated to be $1,384.96 including $521.66 for the three children. The cost of housing for the children is not included in the $521.66 figure. Rather, respondent included the cost of housing for herself and the three children in her regular monthly expenses. The family home was awarded to respondent subject to two deeds of trust with monthly payments of $362.00.

Appellant's regular monthly expenses without child support were calculated to be $880.00 including $200.00 per month for recreation with the children.

A more detailed recitation of the facts and figures in evidence would serve no useful purpose for the disposition of this cause and a lengthy opinion would have no precedential value. It is clear that neither party in the present case is in a good financial position. We do not find, however, on the facts of this case, that the trial court abused its discretion in awarding respondent child support in the amount of $135.00 per week.

In his second point on appeal, appellant contends that the trial court erred in awarding $600.00 attorney's fees to the respondent. Respondent's attorney testified that respondent owed him $950.00. He also testified that respondent had only paid him $100.00 since undertaking her representation.

The allocation of costs and attorney fees in a dissolution proceeding is covered by Section 452.355 RSMo 1978. There are two issues involved in the awarding of such fees: (1) should an award be made and if so, (2) how much? *Raines v. Raines*, 583 S.W.2d 564, 568 (Mo.App.1979).

The first issue is a question of adequacy of resources of the spouse seeking the award and the second is a question of rea-

sonableness. The court is an expert on the reasonableness of attorney's fees and may make its award based upon that expertise. The court is not bound by the number of hours of work performed by counsel or hourly charges for that work made by the attorney. *Raines, supra* at 568.

Appellant again contends in his second point on appeal that respondent's anticipated future income should have been taken into account in the awarding of attorney fees. As stated previously, respondent's future income is speculative and uncertain. On the facts of this case, this court finds no abuse of discretion by the trial court in the award of $600.00 in attorney's fees to respondent.

Judgment affirmed.

REINHARD and CRIST, JJ., concur.