Dorothy RASMUSSEN, Appellant,

v.

Donald E. RASMUSSEN, Respondent.

No. WD 32339.

Missouri Court of Appeals,
Western District.

Jan. 5, 1982.

Henry A. Panethiere and Richard Helfand of Panethiere & Helfand, Kansas City, for appellant.

Sandra C. Midkiff, Kansas City, for respondent.

Before MANFORD, P. J., and DIXON and NUGENT, JJ.

MANFORD, Presiding Judge.

Appeal by wife (petitioner) from entry of decree of dissolution. She challenges (1) the sufficiency of the maintenance award, (2) the finding of marital misconduct on her part, (3) the division of marital and non-marital property, and (4) the payment of attorney fees from the sale of the marital home.

A statement of relevant facts follows. Additional facts will be introduced as needed in the discussion of the issue.

The parties were married at Topeka, Kansas on January 17, 1970, and separated on or about March 1, 1980. No children were born of the marriage. The husband (aged 63 years) was employed by the Small Business Administration for 21 years and in 1980, earned a gross income of $29,851.00. The wife (aged 60 years) has a physical disability and receives $195.00 per month from rental properties she owns. After declaring the marriage irretrievably broken and dividing the marital and non-marital

properties, the decree declared, "... the Petitioner has been guilty of marital misconduct which, along with her physical condition and age, has been considered by the Court in the division of marital property and the award of maintenance in accordance with the provision of § 452.330 and 452.335, R.S.Mo."

By its decree, the circuit court further ordered the marital home be sold and used to pay numerous marital debts, including legal fees of the parties. It further ordered that the balance of the proceeds be divided equally between the parties. The husband was ordered to execute by quit claim deed his interest in nonmarital (now domicile) real estate to the wife. This property was located on Oak Street and prior to the marriage, had been the residence of the wife. The husband was given his choice of musical organs. He was ordered to pay and hold harmless the wife on a debt due the Federal Employees Credit Union. The court divided the remaining personalty and awarded the wife maintenance in gross in the sum of $9,600.00, payable in semi-monthly installments of $200.00 for 24 months.

■■■ Review of this matter is governed by Rule 73.01 and *Murphy v. Carron*, 536 S.W.2d 30 (Mo.banc 1976), and a decree of dissolution will not be set aside unless it is against the weight of the evidence, there is no evidence to support it or it erroneously declares or applies the law. *In re Marriage of Brewer*, 592 S.W.2d 529 (Mo.App.1979). On appeal, the party challenging the division of marital property has the burden of overcoming the presumption of correctness of the order prescribing such division. *In re Marriage of Smith*, 610 S.W.2d 426 (Mo. App.1980). Such presumption applies to allowance of fees, costs and the award of maintenance. *Humphrey v. Humphrey*, 597 S.W.2d 673 (Mo.App.1980). Determination of spousal maintenance is discretionary with the circuit court and the review of same is limited to determining if there has been an abuse of such discretion. *Pederson v. Pederson*, 599 S.W.2d 51 (Mo.App.1980).

■■ Under point (1), appellant challenges the sufficiency of the award of maintenance. The award was made pursuant to § 452.335, RSMo 1978. Appellant's specific objection is to the limited duration of the award on the premise that there was no showing of an impending change or even a reasonable expectation in the financial condition of either party. The record reflects that the main factor influencing the court's award in this case was the misconduct of appellant. Such factor is within the statute.[1] The record supports the court's conclusion, for it reveals that appellant exhibited intense jealousy when respondent had any contact with other women. This jealousy was manifested by physical attacks on respondent, threatening phone calls to women appellant believed were involved with her husband, public confrontations, and threats upon respondent's life. The record also discloses appellant's admission that she attempted to have respondent fired from his employment. Appellant's conduct included her threatening respondent (during a pre-hearing settlement conference) to have him prosecuted for alleged employment misconduct unless he agreed to pay her half of his take-home pay. Appellant testified at the hearing that she had evidence respondent knew of a bribe connected with the SBA and that she would inform the F.B.I. The record also discloses that appellant asked respondent to leave the marital home. Respondent took up living quarters in the basement, then following another threat on his life, moved from the marital home. Other witnesses testified to publicly humiliating attacks on respondent by appellant. The record contains substantial evidence to support the circuit court's finding of marital misconduct and the court did not err in considering this factor in its order of maintenance.

■■■ As regards the reasonable needs of appellant, it cannot be said under the facts and circumstances of the instant case that the award of $9,600.00 was insufficient. Once the decree is fully executed, appellant will own a residence free and

1. § 452.335.2, RSMo 1978 ...

"(7) The conduct of a party seeking maintenance during the marriage."

clear of any encumbrance, household furnishings, and an automobile. Appellant will have no marital debts and will receive cash from the net proceeds of the sale of the marital property. In addition, she will receive $400.00 per month for 24 consecutive months in addition to her social security income. Appellant argues for maintenance of her pre-dissolution standard of living, but such is not automatically mandated by law. Prospects are that appellant's living expenses will be reduced when she leaves the marital residence, and such further supports the circuit court's action.

■ As a final consideration on this issue, even if it is assumed that respondent was financially capable of paying a greater sum as maintenance, § 452.335 does not mandate the court to award maintenance sufficient to meet *all* the needs of the receiving spouse. "Rather, the court is to look to the circumstances of the parties and the marriage to determine what may 'justly' be required of the maintaining spouse. It may be conceded that [the] husband has adequate resources to provide a greater portion of the wife's needs than the court has ordered, but that does not mean he must." *Raines v. Raines*, 583 S.W.2d 564, 567 (Mo.App.1979).

Appellant cites for this court *Sansone v. Sansone*, 615 S.W.2d 670 (Mo.App.1981); *Ruth v. Ruth*, 560 S.W.2d 897 (Mo.App. 1978); and *In re Marriage of Powers*, 527 S.W.2d 949 (Mo.App.1975). These cases do not apply herein because they address the issue of *periodic maintenance* subject to termination at a later date which would require evidence of impending change in the financial conditions of the parties. See *In re Marriage of White*, 601 S.W.2d 644 (Mo. App.1980) and *Poague v. Poague*, 579 S.W.2d 822 (Mo.App.1979). In the instant case, the award of maintenance was in gross terminable after 24 months of $400.00 consecutive payments. See *In re Marriage of Kreienheder*, 610 S.W.2d 313 (Mo.App. 1980) for the recognition of the distinctions between the two types of maintenance awards.

The instant record discloses that the circuit court gave appropriate attention to the requirements prescribed by § 452.335. It is apparent from the record that the court also gave appropriate consideration to the policy of self-sufficiency of the parties and the desirability of permitting them to sever their marital ties. *Royal v. Royal*, 617 S.W.2d 615 (Mo.App.1981) and *In re Marriage of Arnett*, 598 S.W.2d 166 (Mo.App. 1980). The circuit court did not abuse its discretion in its award of maintenance in gross, either as to amount or method of payment. There is no merit to appellant's point (1) and it is ruled against her.

Under point (2), appellant challenges the finding of the circuit court regarding marital misconduct by appellant. It would serve no purpose to restate the factual support for the court's findings upon this issue as they are discussed within point (1) above. It is declared that the evidence supports the finding of the circuit court on this issue. There is no merit to appellant's point (2) and it is ruled against her.

■ In her point (3), appellant challenges the division of marital and nonmarital property. Section 452.330, RSMo 1978 controls the division of marital property, but does not require an equal division of property. *Norman v. Norman*, 604 S.W.2d 680 (Mo.App.1980). Upon review, two principles control: (1) a just and equitable division of marital property is not necessarily an equal distribution and (2) the appellate court must defer to the circuit court's superior opportunity to judge the credibility of witnesses, and unless there is an absence of substantial evidence to support the judgment or if the judgment is against the clear weight of the evidence, the judgment must be sustained. *Pederson, supra.* The guiding rule under § 452.330 is that a just division takes precedence over an equal division, particularly where one party has engaged in misconduct. *In re Marriage of Kueber*, 599 S.W.2d 259 (Mo.App.1980) and *Givens v. Givens*, 599 S.W.2d 204 (Mo.App. 1980).

The misconduct of appellant has been addressed under (1) and (2) above and need not be repeated here. Appellant argues that the court erred in not setting aside the Oak Street property and her jewelry as

separate properties. The record reveals that at the time the parties married, appellant was living in the house. She had contracted to buy the house in 1962. After the marriage, the parties borrowed $3,100 from respondent's mother to pay off the purchase price. It was appellant's testimony that she repaid the $3,100 loan from her social security income. The record does not disclose the nature of appellant's interest in the property prior to the marriage or whether legal title was held jointly by the parties. The circuit court ordered respondent to execute a quit claim deed to appellant and found the property was marital property. The circuit court's order directing the execution of a quit claim deed infers the title was held jointly.

Interpretation given the provisions of § 452.330 has led to the rule that all property "which either or both spouses acquire during the marriage is marital property regardless of the record title unless the acquisition be by circumstances particularly qualified as exceptions . . ." and "The burden of proving the exception falls on the party attacking the statutory presumption." *Hull v. Hull*, 591 S.W.2d 376, 379 (Mo.App. 1979). There is no evidence herein that appellant did not intend to bring the Oak Street property within the marital pool of assets.

In her attack on the court's finding that the Oak Street property was marital property, appellant relies upon authority, *Stark v. Stark*, 539 S.W.2d 779 (Mo.App. 1976) and *Cain v. Cain*, 536 S.W.2d 866 (Mo.App.1976), which holds that absent an indication that a joint mortgage on real estate is intended to create a new estate between spouses, such mortgage transaction during the marriage will not convert real property into community property. As applied to the instant case, appellant's argument fails because no prejudice to her was demonstrated since she received the Oak Street property anyway.

The record further reveals that the circuit court made the same disposition of appellant's jewelry. It was set aside to appellant. Appellant's attack upon the circuit court's division of property is aimed at the characterization of the property. Appellant makes no claim that she was injured or that her share in the property was decreased by including either her jewelry or the Oak Street property in the marital property category.

Appellant's argument is aimed at an abstract attack on the manner and not the substance of the court's decree. This issue is squarely ruled by *Smith v. Smith*, 561 S.W.2d 714 (Mo.App.1978) wherein the circuit court erroneously considered certain property the wife's separate property. On appeal, such error was held not to invalidate the property division because it was otherwise valid and correct. The reasoning in Smith applies herein and point (3) has no merit and is ruled against appellant.

For her final point (4), appellant argues that the circuit court erred "by refusing to award [her] a reasonable sum" for attorney fees. Appellant's argument is against the award of such fees from the proceeds of the sale of the marital residence. The court awarded appellant the sum of $1,450 attorney fees and the sum was to be paid from the sale proceeds with the remainder of the net proceeds to be divided equally. The award of attorney fees is discretionary with the circuit court and such an award will not be set aside unless there is a clear showing of an abuse of such discretion. *Davis v. Davis*, 620 S.W.2d 6, 8 (Mo.App.1981), *McKenna v. McKenna*, 607 S.W.2d 464 (Mo.App.1980). Under the facts and circumstances of the instant case, it cannot be said that any abuse of discretion was demonstrated. Point (4) is found to be without merit and is ruled against appellant.

The judgment herein finds evidence to support it, it is not against the weight of the evidence, it neither erroneously declares or applies the law, *Murphy v. Carron, supra,* and is therefore in all respects affirmed.

All concur.