Cornelius C. FUNCK,
Plaintiff-Respondent,

v.

Elizabeth Sue FUNCK,
Defendant-Appellant.

No. 44733.

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 19, 1982.

Motion for Rehearing or to Transfer to Supreme Court Denied Feb. 19, 1982.

Application to Transfer Denied
April 13, 1982.

Norman C. Steimel, III, Niedner, Moerschel, Ahlheim, Bodeux & Lockett, St. Charles, for defendant-appellant.

Ellsworth Cundiff, Jr., Cundiff, Turken, Londoff & Drakesmith, St. Charles, for plaintiff-respondent.

CLEMENS, Senior Judge.

Dissolution of marriage in the husband's favor went by default on December 12, 1980. Ten days later the wife moved to set aside the decree, contending it denied her an opportunity to present evidence about marital property and her contribution thereto. On January 5, 1981 the trial court denied her motion. She appealed.

Thereafter, also on January 5, 1981, the wife moved to set aside the decree as to numerous items of personal property; there has been no trial court ruling on this motion and it is not before us.

Here, the wife abstractly contends there is no final decree because there is still undistributed personal property; and because the decree did not specifically list and state the values of the parties' property.

■ We summarize pertinent parts of the dissolution decree. Husband was awarded six described lots, four described pieces of gold jewelry, specified dining room furniture, 12 oil paintings, a Corvette

auto subject to indebtedness, and his personal bank account. Husband was to pay a $20,380 debt due his parents. Wife was awarded a described bank account and oil paintings that were not awarded to husband. Outstanding charge accounts were to be paid in equal shares. Stock in a named corporation was ordered sold and the proceeds divided equally. Each party was to retain insurance on the other's life. Further, undescribed property in each party's possession was considered to be so owned. The property awarded wife had a value of over $25,000.

We cannot agree with the wife's first point that there is undistributed property; the decree covers it all.

By the wife's second point she challenges the decree for failure to state the values of every item of property awarded to each party. She cites Section 452.330 V.A. M.S., but it makes no such requirement. We so held in *McLaughlin v. McLaughlin*, 585 S.W.2d 567[4, 5] (Mo.App.1979). No error here.

Decree affirmed.

REINHARD, P. J., and SNYDER and CRIST, JJ., concur.