In re the MARRIAGE OF Shirlene DeSPAIN and Jimmie Ray DeSpain.

Shirlene DeSPAIN, Appellant,

v.

Jimmie Ray DeSPAIN, Respondent.

No. 12247.

Missouri Court of Appeals,
Southern District,
Division One.

June 24, 1982.

Robert W. Evenson, Jerri Cook Bush, Evenson & Carlin, Pineville, for appellant.

John Sims, Ruyle & Sims, Neosho, for respondent.

GREENE, Presiding Judge.

The sole question presented in this appeal is whether the trial court abused its discretion in the division of the marital property of the parties.

Shirlene and Jimmie DeSpain were married in 1954. Seven children were born of the marriage, four of whom are still minors. The family lived together in the Kansas City area, where Jimmie was employed as a printer, until 1969. At that time, the parties purchased a 133-acre farm in McDonald County. Shirlene and the children moved to the farm. Jimmie kept his job in Kansas City and commuted to the farm on weekends. This arrangement continued until 1980 when the parties separated.

By this time, they had accumulated real and personal property of the value of $199,797. At the time of the separation, Shirlene and the children left the family home. She withdrew $2,500 from a joint checking account and $12,000 from a joint savings account before she departed. Shirlene peti-

tioned for dissolution of marriage and asked, among other things, for a division of the marital property.

After hearing, the trial court found that the marriage was irretrievably broken. The court dissolved the marriage, gave Shirlene custody of the four minor children, $400 a month child support, $100 a month maintenance, and divided the marital property. Shirlene was given real and personal property of the value of $80,650, while Jimmie was given real and personal property of the value of $113,150, which included whatever interest either of the parties had in profit sharing and thrift plans set up by Jimmie's employer, Hallmark Cards, whose value, in the trial court's opinion, was $33,100.

Shirlene contends that the property division was unfair since Jimmie had a secure employment future, vested interest in profit sharing and thrift plans, and potential for income from the family farm awarded to him in the division of property, while she had no employment history, no retirement benefits, no special job skills, and little employment potential.

■ In appellate review of the trial court's division of marital property, we must sustain the trial court's judgment unless there is no substantial evidence to support the judgment or unless such judgment is against the weight of the evidence, keeping in mind the principle that a just and equitable distribution is not necessarily an equal distribution. *Pederson v. Pederson*, 599 S.W.2d 51, 54 (Mo.App.1980).

■ While it is true that Shirlene's future employment potential and retirement income are not equal to Jimmie's, there were additional factors for the court to consider. The house on the family farm was run-down and termite damaged. The farming operation was not profitable. Shirlene did not ask for the family farm in the petition for dissolution and presented no testimony at the hearing as to her desire to keep it. She had left the family farm before the hearing.

Jimmie's immediate benefits from the thrift and profit sharing funds are problematical and, in the case of the profit sharing fund, based on contingencies. Jimmie must pay Shirlene, out of his take-home pay of $1,200 a month, the sum of $753.36 a month, representing child support, maintenance and payments on a $20,000 cash award made by the trial court to Shirlene as part of the property division.

Considering all of these factors, we cannot say that the trial court's division of the marital property constituted an abuse of discretion. The division of property was supported by substantial evidence and was not against the weight of the evidence.

The judgment is affirmed.

All concur.