**Beth Ann COIT, Appellant,**

v.

**Michael Eugene COIT, Respondent.**

**No. 55424.**

Missouri Court of Appeals,
Eastern District,
Division Three.

July 25, 1989.

Medford Dwight Robbins, Fredericktown, for appellant.

Kenneth A. Seufert, Farmington, for Respondent.

SIMON, Chief Judge.

Beth Ann Coit, wife, appeals from a decree of dissolution awarding $130.00 per month as child support to be paid by Michael Eugene Coit, husband, for each of the parties' two children.

In wife's sole point on appeal, she contends that the trial court erred in awarding child support in the amount of $260.00 per month instead of the requested child support of $325.00 per month in that $260.00 was insufficient to provide adequate care for the children and the amount requested is reasonable and necessary. We affirm.

Our review is in accordance with the well established standard set forth in *Murphy v. Carron*, 536 S.W.2d 30, 32[1–3] (Mo. banc 1976). The judgment or decree of the trial court will be sustained unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares or applies the law. *Id.* We must accept as true the evidence and permissible inferences therefrom favorable to the prevailing party and disregard the contrary evidence. Deference is accorded the trial judge even if there is evidence which might support a different conclusion. *Ware v. Ware*, 647 S.W.2d 582, 584[1–5] (Mo.App.1983). Further, we defer to the trial court's assessment of the credibility of the witnesses. *Davis v. Davis*, 693 S.W.2d 879, 881–882 (Mo.App.1985).

Husband and wife were married on December 4, 1982. Two children were born of the marriage: Gregory Alan Coit, born November 1, 1984, and Betty Ann Coit, born April 26, 1986. Husband is currently employed at Ozark Steel as a welder earning $6.80 per hour. Wife is currently employed at Desloge Health Care Center as a registered nurse earning about $10.00 per hour.

Husband and wife separated in August, 1987. The children remained with wife. Wife filed her petition for Dissolution of Marriage on January 20, 1988, in Madison County. Wife sought custody of the two children. Husband filed his Answer and Cross Petition for Dissolution of Marriage on February 25, 1988, but did not contest custody of the children. Prior to trial, the parties submitted their income and expense statements. Husband's net take home earnings on a monthly basis is $897.00. His total monthly expenses are $853.00. Wife's net take home earnings on a monthly basis is $1324.07. Wife and the children's monthly expenses are $1652.89, including a car payment of $348.99 and child care costs of $346.00.

Prior to trial the parties stipulated that all matters were settled except: (1) which party should receive the income tax deduction for the two children; and, (2) how much child support husband should pay per month per child. The trial court awarded wife the income tax deductions for the two children.

In wife's only point on appeal, she contends the trial court erred in awarding child support of $260.00, instead of the requested child support of $325.00 in that the amount is insufficient to provide adequate care for the minor children and the amount requested is reasonable and necessary.

Wife argues that: (1) the children have direct living expenses of $570.00 per month; (2) her monthly expenses for the support and care of herself and the children exceed her net monthly income of $1105.99 by $602.40; (3) reasonable child support ranges from a maximum of $767.00 based on a fifty percent share of living expenses to $456.00 based on the Missouri Child Support Guidelines to a minimum of $387.00 based on fifty percent of the children's direct living expenses and fifty percent of the shared living expenses minus the car payment prorated one-third to the children; (4) husband had sufficient gross monthly income to pay the requested child support; (5) husband's monthly regular expenses totaled $853.00 including a car

payment of $100.00, leaving an excess of net income over expenses of $376.00; (6) husband admitted he could pay $260.00 plus an additional child support of $15.00 per week; and, (7) child support of $260.00 does not include any provision for the sharing by the parties of reasonable work related child care costs.

 The determination of the amount of child support awarded pursuant to a dissolution of marriage rests within the sound discretion of the trial court. *Oberkrom v. Oberkrom*, 608 S.W.2d 449, 450[1,-2] (Mo.App.1980). The amount of child support awarded is subject to review only to determine whether there has been an abuse of discretion or erroneous application of the law. *Id.* The burden of demonstrating error and the incorrectness of the judgment below is upon the appellant; here, the wife. *Id.* Further, a party's testimony as to expenses is sufficient evidence on which to base an allowance of child support and need not be proved with absolute particularity. The trial court may, at its option, accept or reject such evidence. *Id.*

At trial, only husband and wife testified. Both parties presented income and expense statements and testified to their income and expenses. Initially, wife alleged that her net monthly income is $1106.00, but it is clear from the record, and her attorney admitted in oral argument, that her net monthly income is $1324.07.

Wife argues that her monthly living expenses, including those of the children, exceed her net monthly income. Wife included in her monthly expenses $348.99 for car payment; however, she testified that she only had two car payments left on the car loan. Additionally, husband agreed to include the children on his medical insurance coverage through Ozark Steel which reduces the children's monthly expenses by $55.00. Further, the trial court awarded wife the income tax deductions for the two children.

 Wife also argues that the trial court did not rely on the Missouri Child Support Guidelines which, if relied on, would have obligated husband to pay $280.00 in child support plus day care of $176.00. (Mis-

souri Child Support Guideline can be found in Missouri Bar Continuing Legal Education Handbook (CLE), *Missouri Family Law,* § 14–16, 4th ed., (Mo.Bar 1988) and in the preface to Missouri Cases 735–736 S.W.2d XL.) Although such guidelines have been accorded substantial consideration in determining and reviewing child support awards, such guidelines are not to be applied rigidly or automatically. They are simply formulas or schedules to consider which leave significant room for sound judicial discretion. *Reese v. Reese,* 755 S.W.2d 437, 438[1–3] (Mo.App.1988); *Hogrebe v. Hogrebe,* 727 S.W.2d 193, 196[5] (Mo.App.1987).

Further, wife contends that husband had sufficient gross monthly income, including his overtime earnings, to pay the requested child support and husband testified he could pay the requested child support. She also alleges his monthly expenses do not exceed his monthly income. However, husband testified that his overtime work varied each week and the first four months he worked he did not work any overtime. He testified that for two weeks he had not worked any overtime during the day although he had been working some overtime on Saturdays. The record reveals that husband testified that he could not pay more than $260.00 per month in child support. Further, with the award of $260.00 per month child support, husband's monthly expenses will exceed his monthly income.

Wife also contends the child support of $260.00 does not include any provision for the sharing by the parties of reasonable work-related child care costs. Wife relies on *Raines v. Raines,* 583 S.W.2d 564, 568[7] (Mo.App.1979), for her proposition that if child care is required for the mother to work, any award of child support must take this expense into account. However, our court, in *Raines,* noted:

> [I]n view of the award of maintenance it is apparent that some amount of child care will be required if the mother is to work or go to school. This was not developed before the trial court and any

award of child support must take this expense into account.

*Id.*

The present situation is unlike *Raines, supra,* where no evidence was adduced as to the cost of child care. Here, both parties testified as to the amount of time and cost of child day care that would be required for wife to continue working at Desloge Health Care Center. Additionally, wife included the amount of child care in her expense statement as a monthly expense and this expense statement was before the trial court. It is reasonable to infer that the trial court took the cost of child care into consideration in its award of child support. Clearly, the trial court's award of $130.00 per month per child was supported by the evidence and the trial court did not abuse its discretion or erroneously apply the law. Wife's point is not meritorious.

Finally, husband has motioned for damages for a frivolous appeal. We find no evidence of bad faith on the part of wife in bringing her appeal contesting the amount of child support awarded. *See, Lansing v. Lansing,* 736 S.W.2d 554, 559[10–12] (Mo.App.1987). Motion is denied.

Judgment affirmed.

DOWD, P.J., and HAMILTON, J., concur.