Dennis J.C. Owens, Steven R. Cantonwine, Kansas City, for appellant.

Jeff Mittelhauser, Sedalia, for respondent.

Before LOWENSTEIN, P.J., and SHANGLER and MANFORD, JJ.

**John Joseph FILLICETTI, Respondent,**

v.

**Claudia Kay FILLICETTI, Appellant.**

**No. WD 42079.**

Missouri Court of Appeals, Western District.

Oct. 23, 1990.

Rehearing Denied Dec. 4, 1990.

LOWENSTEIN, Presiding Judge.

The issue posed in this case concerns whether the trial court abused its discretion by awarding the custodial mother child support in an amount of $20.00 per child per month when the noncustodial parent has a physical disability severely restricting his ability to work.

Appellant, Claudia Fillicetti, appeals from a judgment awarding her child support of $20.00 per child per month, amounting to a total of $60.00 per month for her three minor children. The judgment is affirmed.

John and Claudia Fillicetti were married in 1971. Four children were born of the marriage. In 1986, John petitioned for dissolution, and in 1989 the marriage was dissolved.

■ The court awarded John custody of the eldest child, aged 17. Claudia was awarded custody of three other children aged 15, 6 and 4. Neither John nor Claudia was required to pay maintenance awards to one another. John was required to pay $20.00 per child per month in child support and maintain health insurance on all four children. Claudia was not required to pay child support to John.

John began working for the Sedalia Police Department in 1970. In 1987, he was involved in an automobile accident that aggravated a pre-existing condition. Specifically, John now suffers from a degenerative spinal condition that caused his early retirement in 1988 at the age of 41. He currently receives a disability pension in the amount of $650.00 ($585.00 net) per month. In 1988, John also worked part-time as a fishing guide at Truman Lake, earning about $2,500.00. John earned a degree in architectural drafting, tool and dye engineering in 1970, but he never worked in that field. Instead, he became a law enforcement officer. John continues to suffer a considerable amount of pain, and his doctors have advised him not to work.

At the time of the dissolution, Claudia was employed as a bookkeeper, earning a salary of $4.00 per hour and netting a sum of $136.00 per week. She also received rental income of $140.00 per month. Claudia has a real estate license, but has made commissions totalling only about $600.00 to $700.00 in the last year. She also has received food stamps and day care assistance.

Claudia's only point on appeal is that the trial court erred in awarding her child support totalling only $20.00 per child per month because it was an abuse of discretion in that John has a sufficient physical ability to earn more income and provide more child support.

This court will affirm the judgment of the trial court unless no substantial evidence supports it, or unless it erroneously declares or erroneously applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976); *Degerinis v. Degerinis*, 724 S.W.2d 717, 719 (Mo.App.1987). Furthermore, this court cannot substitute its judgment for that of the trial court without a showing that the trial court abused its discretion. *Wilson v. Wilson*, 642 S.W.2d 132, 136 (Mo.App.1982). Specifically, the appellate court presumes the trial court's decision was correct and will affirm its judgment if there appears in the record any grounds justifying affirmance.

This case illustrates how dissolution often catapults families barely making ends meet into poverty. Claudia does not appeal division of their meager marital assets. She received the family home worth $50,000.00, but because of indebtedness it carries an equity value of $18,000.00. She also received the household furnishings worth $7,500.00. Despite being awarded a majority of the marital assets, as measured in dollars, Claudia does not earn enough to support herself and the three children in her custody. She earns about $812.00 a month. From this amount she must pay the mortgage and expenses for food, water, utilities, phone and car insurance, and clothing. She cannot afford health insurance for herself.

John's financial status is not much better than Claudia's. He nets $585.00 a month from his disability pension. The court found that he was able to make additional income of $3,000.00 per year as an investigator and fishing guide. These figures total about $835.00 a month. The court has ordered John to pay $60.00 a month in child support and maintain health insurance on his children, which costs $240.00 per month. He also pays $40.00 each month for his son's car insurance thus, John has left $495.00 a month to support himself and the child in his custody.

Section 452.340.1, RSMo.Supp.1988 sets out factors the trial court must consider in a proceeding for dissolution and child support. Specifically, the court must consider (1) the financial needs and resources of the child; (2) the financial resources and needs of the parents; (3) the standard of living the child would have enjoyed had the marriage not been dissolved; and (4) the physi-

cal and emotional condition of the child and his educational needs.

The trial court found that John suffers from a physical disability relating to a degenerative illness of the spine that was aggravated by an automobile accident in 1987. The court also found that this disability substantially limits John's earning capacity. Claudia argues these findings are in error because the only supporting evidence is John's own testimony. She contends John should have presented testimony of his physicians or their affidavits to support his testimony. A party's testimony concerning his financial resources and financial needs is sufficient evidence. *Oberkrom v. Oberkrom*, 608 S.W.2d 449, (Mo. App.1980). These matters do not have to be proved with absolute particularity. *Id.* Furthermore, the trial court may accept or reject all, part, or none of any witness' testimony. *Grommet v. Grommet*, 714 S.W.2d 747, 748 (Mo.App.1986). Furthermore, this court defers to the trial court on issues of witness credibility. *Id.*

█ This court agrees with Claudia that she needs and deserves a higher child support award. But the needs of the children must be balanced against the ability of the father to pay. *Gambino v. Gambino*, 636 S.W.2d 81, 82–83 (Mo.App.1982). Both parents are in debt, have meager assets, and very low incomes. The trial court found that John could pay only $20.00 per child per month child support. The record shows the trial court could reasonably reached its result in determining the amount John could pay for child support. Although the court is not particularly satisfied with this result, Claudia has not shown the trial court abused its discretion.

The judgment is affirmed.

All concur.