**Judith Lynn DIXON, Respondent,**

v.

**Robert DIXON, Appellant.**

· No. 41531.

Missouri Court of Appeals,
Eastern District,
Division One.

July 8, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 12, 1980.

Hollingsworth & Kramers, Gary P. Kramer, Hillsboro, for appellant.

Tremayne, Lay, Carr & Bauer, A. Wimmer Carr, Clayton, for respondent.

WEIER, Judge.

After twenty–one years of marriage the contract was dissolved by a decree which recognized the irretrievable breakdown of the relationship as agreed by the parties. In addition to dissolution of the marriage, the court by appropriate order awarded custody of the children, two to the wife and one to the husband. An award of maintenance and support for the two children was made in favor of the wife. The court made a determination of the marital property and after a finding of value divided it between the parties so that each received about the same in value.

The husband has appealed contending that the shares of capital stock in Clyde's Lumber Company, a major asset that belonged to the parties, was erroneously valued at $300,000 when it should have been of the value of $277,000. This larger sum had been originally advanced by the husband in answers to interrogatories. The wife had testified on both direct and cross–examination that the stock was worth $300,000. In the trial of the case, however, the husband changed his testimony to reduce the estimated value to $277,000 explaining that the difference in his estimates was due to his addition of a little more for good will in the original figure than he thought was probably necessary.

■ Dissolution of marriage cases are reviewed upon both the law and the evidence under Rule 73.01 with due regard given to the trial court's opportunity to judge the credibility of the witnesses. *In re the Marriage of Strelow*, 581 S.W.2d 426, 429[2] (Mo.App.1979). The decision of the court with respect to the value of the stock is supported by competent and substantial evidence. The fact that the husband reduced his valuation at the time of trial is not convincing that the lesser value was correct. This is true especially in view of the testimony of the wife which corroborated his original estimate of value of $300,-000. *McCall v. McCall*, 574 S.W.2d 496, 499[2] (Mo.App.1978).

The husband also contends that the land on which the business of the lumber company is located should not have been awarded to the wife. The husband maintains that unless the owner of the business is assured of the continued use of the land upon which it is located, the value of the business and hence the value of the stock would be materially affected because of the possible loss of the location where the business had been operated for some twenty–five years. The land consisting of some two and one–half acres had been owned by the wife's father who commenced the business. The stock in the business corporation was later sold to Mr. and Mrs. Dixon by all those who owned shares in the company while the land upon which it was operated continued to be owned by the wife's parents until 1974. In that year, the Dixons purchased the property and placed it in both their names. Thereafter they leased the real property to the corporation. This land and the corporate stock were the most valuable of the marital assets. The husband complains that with the real estate being owned by the wife, the husband's award of the corporate stock and the value thereof would be left unjustly to the wife's mercy with regard to the amount of rent that would have to be paid by the business for its continued operation at that location. There was no indication that the rent would be increased by the wife from the $1400 per month which had been paid to both husband and wife before the dissolution. There is no assurance that the company would lose business or gain business by reason of moving from the premises. It is true that the lumber compa-

ny could only afford to pay a certain amount of rent and operate at a profit. On the other hand the market with respect to leases and rentals must govern in situations of that type and it would be impossible to regulate the amount of rent or the terms of a lease in the future nor anticipate any of the possible consequences that might arise therefrom. The owner of the lumber business must cope with this problem as it arises. If the rental sought becomes too high, then the business may move from the property at the termination of the lease. The open market would seem to be the best regulator.

In determining whether an abuse of discretion has occurred, the courts of this state use the "reasonable man" test. If reasonable men would differ as to the propriety of the action taken by a trial court, then it cannot be said the trial court abused its discretion. *Shirrell v. Missouri Edison Company,* 535 S.W.2d 446; 448[2] (Mo.banc 1976); *see also James v. Turilli,* 473 S.W.2d 757, 763 (Mo.App.1971). We believe that reasonable men could differ not only as to valuation of the property but also as to the effect of splitting control of the land and the business. There is nothing in the record that would indicate that the husband's company will no longer enjoy the use of the land where it has operated in the past, nor that it would be unprofitable to operate elsewhere.

The judgment is affirmed.

STEWART, P. J., and SNYDER, J., concur.