Lois L. MAJORS, Appellant,

v.

Michael R. BUTNER, M.D., Respondent.

No. WD 36262.

Missouri Court of Appeals,
Western District.

Dec. 24, 1985.

Edward J. Murphy, Edward J. Murphy, Inc., Butler, for appellant.

Hamp Ford, Knight, Ford, Wright, Atwill & Parshall, Columbia, for respondent.

Before CLARK, C.J., and KENNEDY and BERREY, JJ.

CLARK, Chief Judge.

This is a medical malpractice suit in which the issue is whether a submissible case was made. The jury returned a verdict of $25,000 for the plaintiff but the trial judge sustained the defendant's motion for judgment notwithstanding the verdict and entered judgment for defendant. Plaintiff on this appeal contends the trial court erred in setting aside the jury verdict.

The medical process for which appellant Lois Majors engaged the services of defendant Butner is known as a laparoscopic tubal ligation and is intended to render a female sterile by sealing the fallopian tubes. After inflating the patient's abdomen with gas, the surgeon locates the tubes, grasps them with forceps and sends a charge of electricity through the forceps thereby cauterizing and closing the tubes. A feature of the procedure is the intended ability to accomplish the sterilization without surgery and the scarring which an incision to the abdomen would cause.

The procedure was performed on Mrs. Majors by Dr. Butner October 20, 1980 without any apparent misadventure. Two days later, however, she began to experi-

ence abdominal pain and was returned to the hospital. Exploratory examination was made and it was determined that Mrs. Majors was suffering from peritonitis, an internal infection. The abdominal cavity was opened and it was discovered that a perforation of the small bowel had occurred causing an excretion which was the source of the infection. The damaged section of bowel was removed and Mrs. Majors made an uneventful recovery from the surgery. So far as appears in this record, no complaint is made that the sterilization was not successful or that the bowel repair caused any permanent disability or loss of function. Damages were claimed primarily for the surgical scar and the added hospitalization incident to the bowel repair.

This suit charged Dr. Butner's negligence in the performance of the laparoscopy. The pleaded and submitted theory of the case as set out in plaintiff's verdict directing instruction was "[D]efendant perforated Lois Majors' small bowel in performing a tubal ligation operation." This submission required proof that the bowel perforation discovered two days after the laparoscopy was performed was caused by the defendant in the course of the surgical process. Plaintiff was also obligated to offer proof that an ordinarily careful, skillful and prudent physician operating under similar conditions would not permit such an occurrence.

To meet the latter condition, plaintiff offered the testimony of Dr. C.W. Long, plaintiff's expert medical witness. The question of professional competence, to which Dr. Long responded, included the hypothesis that the surgeon in performing the laparoscopic tubal coagulation "perforated two small lacerations of the small bowel." Both the submission of the act of negligence according to the jury instruction and the standard of professional competence as testified by Dr. Long depended on proof that during the operation, Dr. Butner caused a perforation of the plaintiff's bowel.

The trial court found in its order setting aside the jury verdict that the evidence presented by plaintiff to show Dr. Butner's conduct did not conform to the ordinary standards of professional care was "subject to different interpretations and the answer as given is speculative." He thus ruled there was no substantial evidence upon which to submit the issue of negligence to the jury. In short, he held plaintiff failed to make a submissible case.

Plaintiff's single point on appeal contends that a submissible case was made and that the trial judge erred in his ruling to the contrary. In support of the contention, plaintiff first argues that the testimony by her expert medical witness, Dr. Long, when coupled with the other evidence in the case, establishes that the defendant did not exercise the proper care and skill in performing the operation. This argument presumably is intended to counter the trial judge's finding that Dr. Long's response to the hypothetical question regarding professional competence was equivocal. Plaintiff also includes a second argument in a subject area of evidentiary sufficiency not directly embraced in the trial judge's order. In that argument, plaintiff seeks to establish the sufficiency of her proof to show that the cause of the bowel perforations was contact between the bowel and the cauterizing instrument. That proof was essential to supply the factual basis for the hypothetical question asked of Dr. Long and was the essence of plaintiff's case.

The approach taken by plaintiff in this two pronged but interrelated argument tends to confuse the issues in the case. In the first place, the trial judge's order plainly bases the ruling on the ambivalence of Dr. Long's answer which, in the expressed view of the trial judge, deprived plaintiff of the benefit of essential evidence on the standard of care violated by the defendant. The ruling did not reach the question of whether there was substantial evidence to support the hypothesis underlying the question. The second issue, proof that the bowel perforations were in fact caused by the defendant during the operation, is not, however, a subordinate consideration. If

that were not proved, then Dr. Long's answer, whether direct or uncertain, is of no moment because there was no foundation for the question.

Because of the manner in which the case was decided by the trial judge and because of the order in which the point on appeal has been briefed by the parties, we will consider first the basis for decision below, the sufficiency of the witness's response to the medical competence question. We must also consider the second feature of plaintiff's proof, not only because it has been briefed by appellant and respondent, but because it affords the ground to affirm the judgment notwithstanding the verdict. *King v. Clifton,* 648 S.W.2d 193, 196 (Mo. App.1983). The judgment setting aside the jury verdict was correct, but not for the reason stated by the trial judge.

Certain well recognized propositions control in defining the burden of proof to be met by a medical malpractice claimant. These are restated to provide a framework with which to measure the proof in the present case. There is no presumption of negligence arising merely because medical treatment produces an adverse result. *Hart v. Steele,* 416 S.W.2d 927, 931 (Mo. 1967). Generally, the doctrine of res ipsa loquitur is not applicable in malpractice cases, particularly where the plaintiff has alleged specific negligence. *Williams v. Chamberlain,* 316 S.W.2d 505, 511 (Mo. 1958). To make a submissible case of medical malpractice, the claimant must present evidence that the act or omission of the physician caused the injury, the act performed or its omission was negligent and the physician in his conduct did not meet an applicable standard of medical care. *Cebula v. Benoit,* 652 S.W.2d 304, 307 (Mo.App.1983). Where the required degree of care and skill by a physician in the same or similar circumstances is at issue, expert medical testimony on the subject is essential to make a prima facie case.

*Langton v. Brown,* 591 S.W.2d 84, 88 (Mo. App.1979).

Consideration of the first contention in the case requires quotation of an excerpt from the deposition testimony of plaintiff's expert medical witness, Dr. C.W. Long. Omitting the hypothetical predicate and an intervening exchange, the evidence offered by plaintiff on the issue of the standard of medical competence applicable to the defendant in his treatment of plaintiff was as follows:

Q. "Do you have an opinion, doctor, based upon reasonable medical certainty, would that physician, in causing the two perforations that I have described, [be][1] in the exercise of that degree of skill, care and proficiency that an ordinarily careful, prudent physician would exercise under the same or similar circumstances?"

\*　\*　\*　\*　\*　\*

A. "No, if I understand it correctly."

The interrogation of Dr. Long on the subject of proficiency standards ceased at this point and the witness was not asked to clarify his answer. The response, quite apparently is subject to two interpretations. Either the witness was answering that he had no opinion or he was anticipating the ultimate question and expressing his opinion that the defendant's conduct did not meet the medical standard of skill and care. Neither interpretation can be conclusively pointed to as the most likely although the phrase "if I understand it correctly" would not seem appropriate to an answer expressing no opinion.

The decision by the trial court that plaintiff made no case because expert medical opinion did not establish a standard of medical care relies on the conclusion that if Dr. Long's response was subject to different interpretations, that evidence then is not of probative value because the consequence is speculation and surmise. The

---

1. The deposition as transcribed did not include the word "be." Without this verb, the question is obviously unintelligible. Defendant does not dispute the character of the typographical error but contends insertion of the verb does not overcome the deficiency in proof associated with the witness's answer.

court did not cite and respondent has not cited any case supporting this proposition.

■ The general rule is that in reviewing a directed verdict for defendant, the evidence and all favorable inferences to be drawn therefrom are considered in the light most favorable to the plaintiff. *Rustici v. Weidemeyer*, 673 S.W.2d 762, 765 (Mo. banc 1984). The defendant's evidence is disregarded, unless it aids the plaintiff's case. *Lewis v. Envirotech Corp.*, 674 S.W.2d 105, 110 (Mo.App.1984). Where, as here, the evidence is susceptible of opposing inferences because the form of the question and the answer create an ambiguity, the foregoing rule requires that the plaintiff be given the benefit of the most favorable inference in deciding whether a submissible case has been made.

An analogous fact situation was presented in *Connole v. Illinois Central R. Co.*, 21 S.W.2d 907 (Mo.App.1929). There, in a railroad crossing accident, one issue was whether a signal of the train's approach to the roadway was given from the locomotive as an Illiois statute required. A witness testified to having heard a whistle sound and that twelve seconds elapsed "from the time he heard the whistle for the crossing until he heard the crash." The two constructions which may be placed on the statement were that the crash occurred twelve seconds after the whistle ceased blowing or twelve seconds after the engine man commenced to blow the crossing whistle. If the former, then proof was made of the statute violation and plaintiff was entitled to have the case submitted and to have defendant's demurrer overruled. In its per curiam order on rehearing, the court noted its reliance on a construction of the witness's response favorable to plaintiff. Although the answer was ambiguous and susceptible of opposing inferences, the opinion cited what was denominated "trite and familiar law" that in this situation where the submissibility of plaintiff's case is at issue, the plaintiff is entitled to the most favorable inference.

■ In the present case, Dr. Long's answer may be construed as conveying either of two possible meanings. The choice depends on whether the interpretation is to be that favorable to the plaintiff or that urged by the defendant. This is not a situation, as defendant argues, of proof depending on speculation and conjecture. Instead, it requires application of the principle which controls where evidence and inferences are weighed to measure submissibility of a cause. Under the authorities previously cited, plaintiff is entitled to the benefit of all favorable evidence and inferences when determining disposition of a motion for judgment notwithstanding the verdict. Under this rule, the answer of Dr. Long should have been accorded the interpretation favorable to plaintiff which would, in turn, have supplied the element of proof establishing the applicable standard of medical care. The trial court erred in its ruling to the contrary.

Notwithstanding the conclusion that plaintiff did prove, at least for purposes of jury submission, a lack of competence in patient care by a physician who perforates the bowel while performing a laparoscopy, there yet remains in the case the question of whether plaintiff adduced evidence to support the hypothesis underlying the inquiry made of Dr. Long and, in turn, the negligence of the defendant. Defendant contended in his motion for judgment notwithstanding the verdict, among other grounds, that plaintiff's evidence did not establish a causal connection between plaintiff's injury and any negligent act or omission of defendant. Dr. Butner reasserts the argument here that plaintiff did not prove the cause of the bowel perforation.

It appears to be agreed that the lapse of two days between the surgery and the onset of symptoms indicating the bowel perforation was not of critical importance and that no contest is seriously made about the proposition that the bowel perforation was, in some manner, the consequence of the surgery. As to how the burns occurred, however, and what negligent act of the defendant caused or contributed to cause the misadventure, the evidence is rife with

speculation. It is in this area that plaintiff's proof failed.

No direct evidence was offered to show what caused the burns and, in turn, the perforations. Plaintiff appears to have assumed throughout that the burns must have occurred when Dr. Butner permitted the electrically charged forceps to contact the bowel. This is indicated by the content of the petition, the verdict directing instruction and the hypothetical question asked of Dr. Long in which counsel posed the fact: "Assume with me, in the process of doing such surgery, he, the surgeon, by such electrical instrumentation described in my question, performed (sic) or perforated two small lacerations of the small bowel in his attempt to cauterize the fallopian tubes." There is no evidence in this record to support the assumption so stated and no proof of how the burns were caused. Contact between the forceps and the bowel was only one of a number of possible sources for the lacerations.

The only definitive evidence on the cause of the bowel perforation came in testimony by Dr. David Hall, the defendant's expert medical witness. He testified that the burns could have been caused (1) by a touching of the bowel with the cauterizing instrument, the forceps, (2) by a contact between a loop of the bowel with the intended burn area on the fallopian tube immediately after cauterization, (3) by an arcing of the electric current, or (4) by electricity generated from the coil. He stated that only the first possible cause would be an incident of physician negligence.

Appellant undertakes to suggest that cause (3) above must be eliminated on account of evidence that arcing results in a noise and defendant himself testified that he heard no unusual sound during the operation. Even assuming for discussion that plaintiff would be entitled to such an inference, a dubious proposition when considered in light of plaintiff's burden to prove the true cause of the injury, it does not therefore follow that the burns were caused when the forceps contacted the bowel. At least two other possibilities remain and there was no proof that either was an event of physician negligence.

Plaintiff was required as a condition to establishing a submissible case of medical malpractice to prove what act or omission of Dr. Butner was the cause of the bowel perforation and that such conduct did not meet a recognized standard of medical competence. Proof of facts essential to submissibility of a case may not rest on speculation or conjecture. *W & S Investment Co., Inc. v. Mushrush,* 669 S.W.2d 601, 604 (Mo.App.1984). If the proof offered must depend on speculation or conjecture, then a verdict based on such proof cannot stand. *Phoenix Insurance Co. of Hartford v. Chrysler Corp.,* 534 S.W.2d 474, 479 (Mo.App.1975).

Under the evidence previously summarized, the cause of the ultimate perforation of plaintiff's bowel was never shown with a degree of certainty sufficient to obviate speculation and conjecture. Even granting to plaintiff the benefit of all favorable evidence and inferences, there was no proof that contact between the cauterizing instrument and the bowel was the cause to the exclusion of other equally possible causes. Thus, the negligence of Dr. Butner was not established and the predicate upon which the question of medical competence was put to plaintiff's expert witness was lacking. On account of this failure of proof, the trial court correctly entered judgment for defendant.

The judgment is affirmed.

All concur.