**Merrill Juanita COCHRAN,
Petitioner-Respondent,**

v.

**Walter Hadley COCHRAN,
Respondent-Appellant.**

**No. 50291.**

Missouri Court of Appeals,
Eastern District,
Division Two.

April 8, 1986.

Motion for Rehearing and/or Transfer
Denied May 13, 1986.

Case Transferred to Supreme Court
June 17, 1986.

Case Retransferred to Court of Appeals
Oct. 1, 1986.

Original Opinion Reinstated
Oct. 2, 1986.

---

Homer N. Mastorakos, Chesterfield, for respondent-appellant.

René E. Lusser, St. Louis, for petitioner-respondent.

DOWD, Presiding Judge.

Husband appeals from a decree dissolving a thirty-seven year marriage. On appeal, husband contends the trial court erred in: (1) the designation and division of variosu property as marital property; (2) the award of maintenance to wife; (3) the finding that the couple's son, Walter John Cochran (hereinafter John), was not a necessary and indispensable party to the proceedings; and (4) that the court undermined the purpose of the Dissolution of Marriage Act, § 452.330 RSMo Supp.1984, by awarding wife the land and the building in which the auto shop was located in the distribution of the marital assets. We affirm.

The dissolution decree entered on May 14, 1985, dissolved the marriage of husband and wife and awarded the wife: the family home and the real estate upon which it was located, valued at $45,000; a car, valued at $2,500; half the balance of three bank accounts, totalling $5,200, held in the joint names of the husband and wife; maintenance of $300 per month; and attorney's fees of $2,000. The court order awarded husband: all of his partnership interest in John Cochran Auto Body Shop, including all materials and equipment; half the balance of three bank accounts held in the joint names of husband and wife; the balance of the couple's checking account; and the balance of two checking accounts held in the joint names of husband and John Cochran.

One child was born of the marriage, John, who was 30 years old at the time of the dissolution proceeding.

■ In his first point on appeal, husband contends that the trial court abused its

discretion in the designation and distribution of certain property as marital property. Specifically, husband contends that the court improperly designated John Cochran Auto Body Shop (hereinafter auto shop) and the business accounts of the auto shop as marital property. Therefore, the distribution of marital property to husband was improper because it included an award of non-marital property. Husband claims that the auto shop and the two bank accounts of the auto shop are the sole property of the couple's son, John—having been turned over to John in 1975.

The record reflects that husband started the auto shop business in the early 1950s during his marriage and operated it solely for many years. The husband continues to open and close the auto shop daily, pump gas at the auto shop, manage the business accounts and do all the bookkeeping for the auto shop.

The auto shop maintained two bank accounts with husband's name listed first and John's name listed second. The balance of these two accounts totalled over $54,000 prior to the dissolution proceedings. The interest from the two bank accounts were charged to husband's social security number until January 1984, at which time the interest from these accounts was charged to John's social security number. Once the dissolution proceedings were initiated, these two bank accounts were closed and the money was used to purchase a new truck and a new boat with John's name on the title. The balance of the money was spent.

Wife contends that the transactions regarding the auto shop and bank accounts were made by husband in an attempt to divert marital property. The court concluded from the facts that the auto shop was owned and controlled by husband, and that John's name was on the auto shop's accounts merely for "estate planning purposes." The court found that the auto shop, which was founded during the parties marriage, and the business accounts of the auto shop were marital assets and distributed these accordingly.

The trial court did not err in the application of the law when it designated the auto shop and the business accounts of the auto shop as marital property. The distribution of these assets to the husband as a portion of his award of marital property was proper. We have read the transcript, briefs and the authorities cited therein, and have concluded that there was substantial evidence to support the findings of the trial court and that the findings are not against the weight of the evidence. Further, the court order does not erroneously declare or apply the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

■ In husband's second point, he challenges the trial court order which awarded wife $300 per month as maintenance. Husband contends that this amount is excessive and unconscionable.

Wife is 66 years old and the court found that it was unlikely she will obtain gainful employment. Wife's expenses are numerous, including sole responsibility for taxes, insurance, maintenance of family home, food, clothing and medical expenses. Wife receives social security in the amount of $216 per month. Wife's total income to meet her expenses is $516 per month, which includes maintenance award of $300 per month. Husband is gainfully employed at the auto shop. Although it is difficult to ascertain husband's yearly income from the record, it is apparent that the auto shop is a profitable business. Additionally, husband receives social security in the amount of $606 per month.

The amount of spousal maintenance is a matter resting within the sound discretion of the trial court. On review, we determine whether the trial court has abused its discretion. *Pederson v. Pederson*, 599 S.W.2d 51, 53 (Mo.App.1980). There was ample evidence presented to the trial court for it to conclude that husband had sufficient income to meet his needs and to help, in part, to meet the needs of his wife. We

do not find the maintenance award to be either excessive or unconscionable. Husband's point is denied.

■ Husband contends in his third point that the trial court erred in failing to join John Cochran as a third party to the dissolution proceedings. We do not find merit in this contention. John actively participated in the trial as a witness and testified extensively as to his interests in the business. Under Rule 52.12(a), if John believed that his legal interests were involved in the dissolution proceeding, he could have moved to join the action by intervention as of right. John's interest in the business, as well as the business arrangements between his father and himself, were undisturbed by the trial court order. The court merely found the husband's interest in the business accounts to be marital assets and awarded wife the equivalent in other marital assets. The trial court did not err in its implied finding that John was not a necessary party to the proceeding.

■ In husband's final point, he contends that the trial court erred and abused its discretion in awarding the building and the land in which the auto shop was located to wife while awarding the interest in the auto shop to husband because such action undermined the Dissolution of Marriage Act, § 452.330 RSMo Supp.1984. The record indicates the garage from which the auto shop was operated was an unattached building located on the same parcel of real estate as the family home. We disagree with husband's contention. There is no showing that husband will be unable to enjoy the use of the land where the auto shop is located, or that it would be unprofitable to operate it elsewhere. *Dixon v. Dixon,* 605 S.W.2d 508 (Mo.App.1980).

After examination of the record, we find no error of law. The judgment is supported by the evidence. The judgment is affirmed.

REINHARD and CRIST, JJ., concur.