Kathryn GASTON, Petitioner–Appellant,

v.

Melvin Dean GASTON,
Respondent–Respondent.

No. 55304.

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 12, 1989.

Susan K. Roach, Nancy A. Hilliker, Chesterfield, for petitioner-appellant.

Mary Ann Weems, Clayton, for respondent-respondent.

REINHARD, Judge.

Wife appeals from the maintenance, property division and child custody provisions of a dissolution decree. We affirm.

Husband and wife were married in January 1966 and separated in September 1986. Two children were born of the marriage: Michelle, born September 27, 1972, and Tara, born April 13, 1976.

The court awarded wife primary child custody and awarded husband "temporary" custody on alternate weekends, certain holidays, and during two weeks each summer. Husband was ordered to pay $75 per child per week in child support, to carry health and medical insurance for the children and to pay ½ of any uncovered medical or dental bills. No maintenance was awarded.

The trial court divided the marital property as follows: Wife was awarded the parties' interest in a land development partnership, her IRA, various checking and savings accounts, and the furnishings in the parties' marital residence. Husband was awarded his IRA, a motorcycle, a jon boat, a three acre parcel of unimproved land, his union pension, and the furnishings in husband's residence. Additionally the court ordered sold two pieces of residential real estate owned by the parties—the marital residence, and a duplex. The court awarded 55% of the sale proceeds be paid to wife with the remainder to husband.

■ We must affirm the trial court's judgment unless it is unsupported by substantial evidence, unless it is against the weight of the evidence, or unless it erroneously applies or declares the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.App. 1976). We exercise the power to reverse a judgment as against the weight of the evidence with caution and a firm belief that the judgment is wrong. *Id.* We also give due regard to the trial court's ability to judge the credibility of witnesses. Rule 73.01(c)(2).

■ Wife first contends the trial court erred in failing to award her maintenance. In Missouri, if the spouse seeking maintenance is awarded custody of children whose ages are not such that she must stay in the house to provide for their care, maintenance should only be awarded where the spouse: (1) lacks sufficient property, including marital property, to provide for her reasonable needs, and (2) is unable to support herself through appropriate employment. *Metts v. Metts*, 625 S.W.2d 896, 900 (Mo.App.1981), § 452.335.1(1) and (2), RSMo 1986.

■ Here, the children were ages 15 and 12 at the time of trial; thus wife is only entitled to maintenance if she can satisfy the two conditions referred to above. Wife was a licensed beautician, having worked full time in that field before the birth of the parties' first child, and part time until the birth of their second child. Four years prior to the separation, wife became a licensed real estate agent working for Coldwell–Ira E. Berry. At the time of the hearing, she was living with a man who was helping to pay some of her expenses. She was in good health. When asked whether she was capable of supporting herself, she responded, "I would hope so."

Under our standard of review, we conclude the trial court did not err in denying maintenance.

In two separate points, wife complains of the trial court's division of property. Essentially, she contends the award disproportionately favored husband. We note that "the trial court is vested with considerable discretion in dividing marital property and an appellate court will only interfere if the division is so heavily weighted in favor of one party as to amount to an abuse of discretion." *Metts*, 625 S.W.2d at 899.

■ Wife does not allege that the trial court failed to consider the factors in § 452.330, RSMo 1986. Evidence of husband's misconduct was controverted and we defer to the trial court's assessment of credibility. As for the disparity in the parties' incomes, the record contains evidence that wife is capable of increasing her income. Our review of the record reveals the trial court's division of property was roughly even, and, depending on the proceeds received from the sale of the residential property, the division could greatly favor wife. The division is hardly an abuse of discretion.

■ Finally, wife contends the trial court erred in denying her request that any visitation by husband be supervised.[1] She relies on evidence of husband's physical abuse and sexual misconduct. Once again, this evidence generally was controverted. In a case such as this, we give great deference to the trial court's assessment of what serves the children's best interest. *Bull v. Bull*, 634 S.W.2d 228, 229 (Mo.App.1982). Unless we are firmly convinced that the welfare of the children requires some other disposition, we affirm. *Chastain v. Chastain*, 632 S.W.2d 291, 292–3 (Mo.App.1982). Furthermore, we note that "[c]ourts should encourage the continued love, interest and affection of divorced parents for their children, and where both parties are proper parents, each has a right to reasonable access to the children." *Geary v. Geary*, 697 S.W.2d 318, 320 (Mo.App.1985).

The trial court conducted an in-chambers interview with the oldest of the parties' two children. She testified that her father never physically abused her, but that on one occasion he spanked her for punishment. She stated she felt she deserved it. When asked how she would feel if she could not see her father unless a social worker was present, she testified, "I would feel upset, because he has never done nothing to me." She stated, "I am positively sure I have no fears at all [about staying with my father]." There was also evidence that during the pendency of the divorce action, after a disagreement with the elder child, wife suggested the child go live with her father. The daughter complied.

After carefully reviewing the record, we conclude the trial court's refusal to restrict husband's right of visitation was not against the weight of the evidence, nor was it an abuse of discretion.

Judgment affirmed.

GARY M. GAERTNER, P.J., and CRIST, J., concur.

---

1. Wife made no such request in her petition, but orally requested supervised visitation at trial. The court used the term "temporary custody" in its award to husband, but we believe the court was referring to husband's right of visitation. *See* §§ 452.380 and 452.400, RSMo 1986.