Margaret Ann **ABRAMS**,
Petitioner–Respondent,

v.

Glennon Miles **ABRAMS**,
Respondent–Appellant.

No. 56462.

Missouri Court of Appeals,
Eastern District,
Northern Division.

April 24, 1990.

Steven S. Frank, Clayton, for respondent-appellant.

Rory Ellinger, O'Fallon, for petitioner-respondent.

## REINHARD, Judge.

Husband appeals from those portions of a dissolution decree dividing the marital property and allowing attorney fees to wife. We affirm.

The parties married June 30, 1962 and separated June 29, 1987. In its decree, entered March 1989, the court awarded wife primary custody of their minor child, ordered husband to pay $80 per week child support, denied wife maintenance, set aside to each spouse that spouse's nonmarital (formerly separate) property, divided the marital property and allowed wife $4,000 as attorney fees.

Under our standard of review we must affirm the trial court's judgment unless it is unsupported by substantial evidence, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We defer to the trial court's assessment of credibility. Rule 73.01(c)(2); *Gaston v. Gaston*, 776 S.W.2d 465, 466 (Mo.App.1989). Where findings of fact and conclusions of law were neither requested nor made, as here, we consider all factual issues to have been resolved to support the result reached. Rule 73.01(a)(2); *Fornachon v. Fornachon*, 748 S.W.2d 705, 707 (Mo.App.1988).

Husband principally complains of the court's division of the marital property. Specifically he argues that the court erred in (1) awarding to him only $2,000 for his interest in a residence the parties had owned near Eolia, Missouri, "because the trial court failed to consider the intent [of wife] to turn her separate nonmarital property into marital property" and (2) awarding 50% of his pension to wife because the court did not take into account the other property wife received and "such a division of property is not just after a consideration of all relevant factors."

During the marriage both husband and wife were employed outside the home.

Husband's pension, acquired through his employer, Continental Can Company, Inc., accrued during the marriage. At the time of the decree, husband's gross annual wages exceeded $30,000; wife's exceeded $13,000. Wife additionally received rental income of approximately $350 per month. Wife apparently had recently received a small inheritance from her father which included a residence located in St. Louis. There was also evidence wife is the beneficiary of her aunt's estate in Canada; however, it appears the estate is subject to litigation.

The parties purchased two residences during the marriage. One, located in Troy, Missouri, was acquired early in the marriage and the other, located near Eolia, Missouri, was acquired shortly before the parties separated, then sold a few months later. Both parties, in property statements, denoted these residences as marital properties. They had an equity interest of $14,000 in the Eolia residence when they sold it.

The court set off to wife as her nonmarital property the residence in St. Louis (which both parties valued at $28,000), her interest in the Canadian estate, plus several items of personal property. The court's division of the marital property was approximately equal. It ordered wife "have and be paid fifty percent (50%) of [husband's] monthly pension benefits from Continental Can Company, Inc.," ordered that the residence in Troy be sold and the net proceeds divided between the parties and ordered wife to pay husband two thousand dollars "as and for [his] interest in the [Eolia residence] which was sold by the parties prior to the hearing on this matter."

██ Husband's attack claiming the court classified part of the parties' equity interest in the Eolia property as wife's nonmarital property misses the mark. The court found the equity interest to be marital property; and the parties so characterized it. In dividing marital property a court is to consider, in addition to other relevant factors, the contribution of each spouse to

the acquisition of the marital property. § 452.330.1(2), RSMo Supp.1989. It appears to us that in awarding husband $2,000 as his interest in the Eolia property, with the balance of the equity interest going to wife, the court took into consideration as relevant factors the $10,000 wife used from her inheritance toward the purchase of the Eolia property, the nearness to end of the parties' marriage the property was purchased and the short time the parties owned the property.

We see no error in the court's award of one-half of husband's pension benefits to wife. In dividing marital property a court is to consider, among other relevant factors, the economic circumstances of the spouses at the time the division of the property becomes effective and the value of the nonmarital property set aside to each spouse. § 452.330.1, RSMo Supp. 1989. Husband primarily argues that the court failed to take into account the substantial Canadian estate as it affects these factors. Evidence of litigation involving wife's interest in the Canadian estate was before the court. In *Cole v. Cole*, 633 S.W.2d 263, 265 (Mo.App.1982), the Western District indicated that inheritance expectancies which may or may not be realized should be given little or no weight in the division of marital property. There, the inheritance expectancies arose from joint tenancies being used as estate planning devices for the benefit of the husband upon the death of the joint tenant; the joint tenants were still alive. Here, however, wife's aunt had died and wife's interest in the estate evidently had vested. In any event, it appears the court considered all relevant factors in making its distribution. As stated above, the court awarded each party approximately one-half the marital property. Point denied.

We have reviewed the court's award of attorney fees to wife and find that the court did not abuse its discretion.

SIMON, C.J., and DOWD, J., concur.