Deborah A. ALLES, Petitioner/Appellant,

v.

Walter J. ALLES,
Respondent/Respondent.

No. 67537.

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 9, 1996.

Rehearing Denied Feb. 20, 1996.

Robert O. Appleton, Appleton, Kretmar,
Levin & Beatty, St. Louis, for appellant.

Kenneth J. Feld, St. Louis, for respondent.

REINHARD, Presiding Judge.

Wife appeals from the dissolution decree entered on October 31, 1994. We affirm as modified.

Husband and wife married on October 13, 1972, and had four children, who were ages eighteen, sixteen, eleven, and five at the time of the entry of the dissolution decree.

At trial, wife testified that she worked for four years as a dental assistant immediately after she married husband but quit when her first child was born. During the marriage, wife was a homemaker but had cleaned houses six hours each week for three years prior to dissolution and had occasionally refereed sporting events. At the time of the dissolution hearing, wife was enrolled at Meramac Community College and expected to become a registered nurse within two or three years. All four children were living in the marital home at the time of the dissolution trial. Wife's statement of income and expenses indicated that her monthly income was $162.00 and her monthly expenses were $3,489.18.

Husband testified that he worked for the same company throughout the marriage, and his statement of income and expenses indicated that his net income was $1,252.00 every two weeks and his monthly expenses were $2,485.00. Included in the expense calculation was $1,900.00 that husband voluntarily paid to wife during their separation. Husband also stated that he occasionally earned income as a volleyball referee. At the time of trial, husband was living with his brother and testified that he would have to pay $400.00 for monthly rent when he obtained his own residence.

In the dissolution decree, wife received custody of the four children, and husband received substantial visitation privileges. The court ordered husband to pay the guideline amount of $1,392.00 in child support each month and provide medical insurance for the children as "currently maintained through his employment."

Pursuant to the division of property set forth in the decree, wife received $100.00 in separate property and $23,478.86 in marital property, and husband received $400.00 in separate property and $23,426.00 in marital property. In addition, the court awarded the marital home to wife. On their statements of property, husband and wife indicated that they owed approximately $50,000.00 on the home, and wife testified that the January 1, 1993, assessment notice from St. Louis County indicated that the appraised value of the house was $131,800.00. Husband testified that the home was worth $140,000.00 and agreed that there was "approximately $48,500 left to pay on the balance of the first deed." The court found that the marital home had "an approximate net equity" of $84,000.00 and granted husband a $42,000.00 judgment lien on the home "subordinated only to the purchase money Deed of Trust." The court ordered wife to pay interest on the $42,000.00 judgment "at the rate of 9% per annum" and declared that the lien would be immediately due and payable on the occurrence of various future events. The court also ordered husband to pay $180.00 each month for eighteen months for wife's medical insurance, $1,000.00 of wife's attorney's fees, and one dollar annually in nominal maintenance.

In her principal point on appeal, wife asserts the trial court erred in limiting the award of maintenance to $1.00 per year.

We must affirm the trial court's judgment unless it is unsupported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Gaston v. Gaston,* 776 S.W.2d 465, 466 (Mo.App.1989). We exercise the power to reverse a judgment as against the weight of the evidence with caution and a firm belief that the judgment is wrong. *Id.* We also give due regard to the trial court's ability to judge the credibility of witnesses. *Id.*

■ Trial courts are vested with considerable discretion in ordering maintenance. *Vehlewald v. Vehlewald,* 853 S.W.2d 944, 953 (Mo.App.E.D.1993). We review an award of maintenance only for an abuse of discretion. *Id.*

■ Section 452.335.1, RSMo 1994, states that a maintenance order is proper when the spouse seeking maintenance:

(1) Lacks sufficient property, including marital property apportioned to him, to provide for his reasonable needs; and,

(2) Is unable to support himself through appropriate employment or is the custodian of a child whose condition or circumstances make it appropriate that the custodian not be required to seek employment outside the home.

Section 452.335.2, RSMo 1994, provides that the court shall consider all "relevant factors" in determining the amount of maintenance, including:

(1) The financial resources of the party seeking maintenance, including marital property apportioned to him, and his ability to meet his needs independently, including the extent to which a provision for support of a child living with the party includes a sum for that party as custodian;

(2) The time necessary to acquire sufficient education or training to enable the party seeking maintenance to find appropriate employment;

(3) The comparative earning capacity of each spouse;

(4) The standard of living established during the marriage;

(5) The obligations and assets, including the marital property apportioned to him and the separate property of each party;

(6) The duration of the marriage;

(7) The age, and the physical and emotional condition of the spouse seeking maintenance;

(8) The ability of the spouse from whom maintenance is sought to meet his needs while meeting those of the spouse seeking maintenance;

(9) The conduct of the parties during the marriage; and

(10) Any other relevant factors.

Although the trial court has broad discretion in awarding maintenance, if an appellate court believes the trial court abused its discretion, it is obligated to enter the judgment the trial court should have entered. *Misdary v. Misdary*, 737 S.W.2d 476, 480 (Mo. App.1987).

Here, wife requested maintenance of $1,000.00 per month for two years followed by $500.00 per month until her retirement. The court restricted the maintenance award to $1.00 per year and stated:

Based on Wife's health, age, experience, employment income and reasonable expenses, the Court finds that Wife is in need of maintenance. The Court has considered Husband's income, financial obligations, living expenses set forth on his Income and Expense Statement and his testimony in its consideration of maintenance. Upon balancing Wife's needs with Husband's ability to pay, at least at the present time, [husband] is limited by his income and financial obligations.

The Court finds that Husband does not have sufficient income to pay a significant amount of maintenance. In light of this, the Court awards nominal maintenance in the amount of One Dollar ($1.00) annually in the event Husband's financial situation changes.

We agree with the trial court's finding that wife needed maintenance. The court erred, however, in finding that husband had insufficient funds to pay more than nominal maintenance. The trial court apparently failed to consider the income husband will receive from the interest paid by wife on the $42,-000.00 judgment on the marital home. Even if we disregard the trial court's oversight, our review of the record indicates that husband's income after expenses was sufficient to support a maintenance award greater than $1.00 per year. Thus, we believe the trial court abused its discretion and award wife maintenance in the amount of $400.00 per month.

We have reviewed wife's other claims of error and find they are without merit. The dissolution decree is hereby modified to increase wife's maintenance to $400.00 per month. In all other respects, the judgment is affirmed.

KAROHL and DOWD, JJ., concur.