In re the **MARRIAGE OF Louis Carl ACCURSO and Kimberly Ann Accurso.**

**Nos. WD 66248, WD 66316.**

Missouri Court of Appeals,
Western District.

Aug. 14, 2007.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 25, 2007.

Application for Transfer Denied Oct. 30, 2007.

Jack A. Cochran, Blue Springs, for Appellant.

R. Peter Smith, Kansas City, for Respondent.

Before ROBERT G. ULRICH [1], Presiding Judge, PAUL M. SPINDEN, Judge, and GENE R. MARTIN, Special Judge.

PAUL M. SPINDEN, Judge.

In appealing the circuit court's judgment in this dissolution action, Louis Accurso complains of the circuit court's division of marital property, its award of maintenance, and its division of debt. Kimberly Accurso cross-appeals, complaining that the circuit court erred by not reserving

---

1. Judge Ulrich participated in oral arguments but was no longer a member of this court when this opinion was handed down.

jurisdiction until it determined whether or not Louis Accurso's law firm would receive a fee in a pending case in which it was involved. Because this court concludes that discussion of the parties' allegations of error regarding maintenance, debt division, and the circuit court's declining to reserve jurisdiction would have no precedential value, we affirm the circuit court's decision on those issues by summary order pursuant to Rule 84.16(b). We have provided the parties with a memorandum of the reasons for our decision as to those issues. In this opinion, we address only Louis Accurso's claim that the circuit court erred in its marital property division.

■ Louis Accurso charges the circuit court with error in awarding Kimberly Accurso title to the building in which Louis Accurso housed his law firm. He argues that Missouri's public policy mandates total severance of property and possessory interests of the parties in a dissolution action. He also argues that he should be awarded the building because he uses it as security for his law firm's line of credit, because he needs revenue from it to pay maintenance, child support, and other expenses related to the couple's children, and because Kimberly Accurso would have access to the building as landlord, making it impossible for him to protect and ensure client confidentiality. Given our disposition of this case, we reach only the first of Louis Accurso's arguments.

■ The standard by which we judge the circuit court's judgment is to determine whether or not substantial evidence supports it, whether or not it is against the weight of the evidence, or whether or not it erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).

■ The governing law is Section 452.330.1, RSMo 2000, which says, "In a proceeding for dissolution of the marriage or legal separation, ... the court ... shall divide the marital property and marital debts in such proportions as the court deems just after considering all relevant factors[.]" The parties do not dispute that the building at issue is marital property. Section 452.330.1 mandates that the circuit court consider each spouse's economic circumstances, each spouse's contribution to the acquisition of the property, the value of each spouse's nonmarital property, the parties' conduct during marriage, and the minor children's custodial arrangements. A circuit court has "great flexibility and discretion in its division of property pursuant to Section 452.330." *Nelson v. Nelson,* 25 S.W.3d 511, 517 (Mo.App.2000). We will interfere with a circuit court's discretion in dividing marital property only when the division constitutes an abuse of discretion. *M.A.Z. v. F.J.Z.,* 943 S.W.2d 781, 786 (Mo.App.1997).

Section 452.330 "seeks to effectively minimize the necessity for recourse to further litigation to completely sever all relations between the parties." *Corder v. Corder,* 546 S.W.2d 798, 804 (Mo.App. 1977), *overruled on other grounds by Mings v. Mings,* 841 S.W.2d 267 (Mo.App. 1992). *See also Wilhoit v. Wilhoit,* 599 S.W.2d 74, 80 (Mo.App.1980), *overruled on other grounds by Dardick v. Dardick,* 670 S.W.2d 865 (Mo. banc 1984) ("The policy of the Dissolution of Marriage Act [is] to avoid the rancor of continued litigation between" spouses.). This court has recognized:

[T]he legislature intended a division of "marital property" which would effect a complete severance of all unity of possession, as well as unity of title, between the spouses, excepting only "the unusual situation where the economics involved call for" ... a division which stops short

of severing the relationship attached to the common ownership of property. *Corder,* 546 S.W.2d at 805. Although *Wilhoit* and *Corder* construed judgments in which, unlike this case, the circuit court had awarded divorced couples joint interest as tenants in common, they expressed sound policy that is instructive in this case.

The circuit court's property division does not accomplish the policy intended by Section 452.330 of reducing the need for further litigation between the parties by severing all relations between the parties. The record does not indicate that the party's circumstances required the circuit court to award tenancy in the building to Louis Accurso and ownership of the building to Kimberly Accurso to effectuate a just property division. The circuit court's property allocation obligates the parties to interact significantly more than a different, yet equally equitable, property division would likely require. Because one of Section 452.330's goals is to minimize the need for further litigation by completely severing all relations between parties to a divorce proceeding, Section 452.330 mandates that the circuit court avoid placing the Accursos in a landlord-tenant relationship, if possible.

Kimberly Accurso relies on *In re Marriage of Stamatiou,* 798 S.W.2d 737 (Mo. App.1990), to argue that we should affirm the circuit court's property division. In *Stamatiou,* the husband appealed the circuit court's allocation of marital interest in the couple's business to him and the real estate in which the business was located to his former wife. The husband argued that the allocation violated Section 452.330's objectives of totally severing possession and title between the spouses and of making them independent of each other and self-sufficient. *Id.* at 742. This court refused to apply the policy outlined *supra,* noting that "Mr. Stamatiou [did] not present[ ]

convincing evidence that the trial court's allocation of the corporation to him and the real estate to his wife [would] jeopardize his operation of the corporation." *Id.*

*Stamatiou* recognizes that in some situations, equitable division of property mandates an arrangement similar to that ordered by the circuit court in this case. In *Cochran v. Cochran,* 716 S.W.2d 275, 278 (Mo.App.1986), for example, the circuit court awarded an auto shop business to one the parties in a dissolution action, but awarded the land on which the business operated to the other because "the garage from which the auto shop was operated was an unattached building located on the same parcel of real estate as the family home." In *Dixon v. Dixon,* 605 S.W.2d 508, 509 (Mo.App.1980), the circuit court made a similar award—awarding a lumber company to one of the parties, but awarding the land on which it operated to the other—because "land and the corporate stock were the most valuable of the marital assets." *Stamatiou, Cochran,* and *Dixon,* are in accord with the policy enunciated in *Wilhoit* and *Corder,* but they recognize that, in some circumstances, application of the policy would work an inequity. No necessity for avoiding application of the policy is evident in this case. We, therefore, conclude that the circuit court abused its discretion by not applying the policy in this case.

We, therefore, affirm the circuit court's judgment in part and reverse it in part. We remand the case to the circuit court with instructions that it determine whether or not the couple's property may be otherwise justly divided without placing Louis Accurso and Kimberly Accurso in a landlord-tenant relationship.

GENE R. MARTIN, Special Judge, concurs.

ROBERT G. ULRICH, Judge, who participated in oral arguments, was no longer a member of the court when this opinion was handed down.